Ruth KORN and Ben Korn, on behalf of themselves and all other Purchasers and Holders of Limited Partnership Interests in 63 Wall Associates, similarly situated, Plaintiffs,

v.

FRANCHARD CORPORATION, Louis A. Siegel, Seymour Young, Dave Saul, Glickman Servicing Corp., Louis Glickman and Joseph Umans, Defendants.

No. 67 Civ. 3445.

United States District Court,
S. D. New York.

March 2, 1970.

Ira J. Sands, New York City, for plaintiffs.

Simpson, Thacher & Bartlett, New York City, for defendants Franchard Corp. and Glickman Servicing Corp.; Roy L. Reardon, and John J. Tigue, Jr., New York City, of counsel.

MANSFIELD, District Judge.

In this purported class and derivative suit charging violations of the antifraud provisions of the federal securities acts and the General Business Law of the State of New York, McKinney's Consol.Laws, c. 20, plaintiffs, who purchased real estate securities interests in 63 Wall Associates, a New York limited partnership, allegedly in reliance on a misleading prospectus issued by defendants in September, 1961, move pursuant to Rule 23(c) (1), F.R.Civ.P., for an order permitting the action to be maintained as a class action on behalf of all persons who purchased such security interests and "who have been caused damage on account of" the alleged fraud. No other similar suits have been instituted.

At this stage the action appears on the surface to meet the requirements of Rule 23 and, subject to certain conditions, is not opposed. The potential members of the class are more than 1,000 investors who collectively paid over $5 million for their interests. In view of their number and the fact that they reside throughout the country, joinder would be impractical. Plaintiffs represent that common questions of fact and law are presented and should predominate over those affecting individual members of the class. Plaintiffs' interests are apparently typical of those of the proposed class and there is no indication that the named plaintiffs' interests would be antagonistic to those of other members of the class. Since plaintiffs are represented by counsel experienced in the handling of securities fraud litigation and have made a substantial investment of approximately $10,000 in their purchase of the securities interests in 63 Wall Associates, they should fairly and adequately protect the interests of the class. Having further in mind the fact that plaintiffs' investment, standing alone, would be insufficient to enable them individually to finance the lawsuit, a class suit seems superior to any other method for obtaining an adjudication of the issues.

We are somewhat puzzled by the fact that no other members of the proposed class have thus far thought well enough of the claims to institute independent suits, which usually occurs where there is any merit to such claims. Any threshold doubts as to whether plaintiffs

are in a position to speak for others, however, should be resolved in favor of declaring the action a class suit, especially since it is not objected to by the defendants and the members will have the opportunity to exclude themselves if they wish. Furthermore, our determination that the action may be maintained as a class action is at this stage conditional. If a fuller development of the facts reveals our initial determination to be unsound, we possess the power pursuant to Rule 23(c) (1) to alter or amend our decision or to strip the action entirely of its class characteristics.

■ The situation presented here appears to be substantially the same as that which was before Judge Weinfeld in the similar action of Briskin v. Glickman, et al., 67 Civ. 4301, where similar claims were made with respect to sale of limited partnership interests in another parcel of real estate against the same defendants, and the same counsel appear on both sides. The parties here are directed to settle an order along the same general lines as the order approved by Judge Weinfeld in *Briskin,* which will provide for giving written notice by first class mail at plaintiffs' expense to members of the proposed class at their last known addresses as shown on ledgers in the possession of defendant Franchard. The following portion of the notice should be in block capital letters and underlined:

> You are advised that any member of the classes mentioned above who does not request to be excluded from the class by          1970 will be included in the class. The court will exclude any member of either class if he or she so requests in writing mailed to the below address by          1970.

Furthermore, since experience in other suits has shown that members receiving such notices frequently "opt out" for fear of becoming liable for costs and legal expenses, we ask counsel to advise what reference to the subject matter of

expenses, if any, should be included in the notice.

We overrule plaintiffs' objection to the simultaneous mailing to members of a form of "Proof of Claim" for execution and submission to the court. Such a procedure has gained favor in similar class suits. See Briskin v. Glickman, 66 Civ. 4301 (S.D.N.Y.1970) (Weinfeld, J.); Alpine Pharmacy, et al. v. Chas. Pfizer & Co., 69 Civ. 559 (S.D.N.Y.1969) (Wyatt, J.); Harris v. Jones, 41 F.R.D. 70 (D.Utah 1966); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D.Pa. 1968); Iowa v. Union Asphalt & Roadoils Inc., 281 F.Supp. 391 (S.D.Iowa 1968); Minnesota v. United States Steel Corp., 44 F.R.D. 559 (D.Minn.1968). Under the particular circumstances here (which may not exist in other suits) it offers several advantages. In the first place, it might shed light on the exact size of the class and whether the two plaintiffs, as purchasers of $10,000 worth of partnership interests out of a $5 million issue and the only purchasers out of more than 1,000 to sue, truly reflect the desires of the other purchasers and will adequately represent them. Secondly, the procedure may elicit information that will be relevant and helpful with respect to reliance, especially since the nature and extent of reliance required to be proved in such suits is far from settled. Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540, 544 (2d Cir. 1967); compare List v. Fashion Park, Inc., 340 F.2d 457, 463 (2d Cir.), cert. denied, 382 U.S. 811, 86 S.Ct. 23, 15 L. Ed.2d 60 (1965), with Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir. 1967).

■ The proposal that the notice provide that any purchaser of a limited partnership interest who fails to file a proof of claim will be forever barred from recovery in this action presents a more difficult question. We recognize that such a provision was included in the notices used in Briskin v. Glickman,

Alpine Pharmacy et al. v. Chas. Pfizer & Co., Philadelphia Electric Co. v. Anaconda American Brass Co., Iowa v. Union Asphalt & Roadoils, Inc. and Minnesota v. United States Steel Corp., *supra*. However, there appears to be a fundamental inconsistency in providing, on the one hand, that a member who fails to request exclusion shall be *included* in the class and, on the other hand, that a member who fails to file a proof of claim shall be *excluded* from any recovery. Assuming that this problem could be resolved by appropriate draftsmanship (e.g., a provision that only those who actually receive notice and desire to be included will be barred for failure to file a "Proof of Claim"), we recognize that since the court must ultimately determine who are the members of the class (Rule 23(c) (3)), it presumably has the power to decide that only those filing proofs of claim will be included. In favor of its exercise of the power is the argument that it will induce recipients to furnish relevant data that may be helpful to the court. It may also be contended that if a member of the class fails to furnish such essential data the defendants should not be forced even to respond to passive, disinterested parties. See Kaplan, Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules, 81 Harv.L.Rev. 356, 397 (1967). On the other hand, if the class action device is to serve its basic objective of making it possible in one proceeding to adjudicate multiple claims in a practical, economic and consistent fashion, the more conditions we impose upon eligibility for membership in the class, the more we revert to the disadvantages of multiplicity, expense and inconsistency found in the world of "spurious," "hybrid" and "true" suits. Id., p. 397. Part of the philosophy behind revision of Rule 23 is the desire to protect many small investors who may be unable to articulate their claims with the precision demanded of larger more sophisticated claimants. This objective is indicated by the provision (Rule 23(c) (2)

(B)) that the judgment "will include all members who do not request exclusion." In the present case, for instance, many owners of partnership interests may fail to respond merely because they have misplaced their certificates or do not have immediately available the essential information. Unless and until liability to the class is established or seems reasonably certain, therefore, members should not be barred for failure to track down this information, even though such a requirement might later be a reasonable condition to their participation in any recovery, assuming liability is established.

Lastly we face the prospect that individual notice by mail may fail to reach some members of the class, since they may be deceased or have left no forwarding address. It seems anomolous to provide, on the one hand, that a member who has never received actual notice and has therefore never had the opportunity to file a proof of claim, will be included in the class, and, on the other hand, that a person who has received notice will be barred for failure to file a proof of claim. But even leaping this barrier, there would be the almost insurmountable burden of establishing which members in the twilight zone actually received notice and which did not.

We are persuaded that at this stage of the proceeding the better course is to give a notice requesting members to execute and return the proof of claim but omitting any statement that their claims will otherwise be barred. The notice should also not be limited to members presently holding their partnership interests since the class would presumably also include those who had purchased in reliance upon the alleged fraudulent prospectus and later sold their interests.

The estimated expense of notice by mail to members of the class of approximately 1,000 does not appear to us to be a sufficiently burdensome factor to relieve plaintiffs of defraying the cost. We did not intend to imply in Berland v.

Mack, 48 F.R.D. 121 (S.D.N.Y.1969), that a plaintiff and his counsel, merely by instituting what they contend to be a meritorious class suit, could shift the entire expense and burden over onto the shoulders of the defendants. If it later develops that costly newspaper notices or other heavy expenses must be incurred, we will then decide whether the defendants, who apparently join in the desire for a *res judicata* determination as to the class, will be required to share the expense.

In view of the changes that will be required in the form of the notice and proof of claim, the parties are directed to settle an order with the new forms attached, in accordance with the foregoing.