Abdul Moneim ABULABAN et al.,
Plaintiffs,

v.

R. W. PRESSPRICH & CO., Inc., et al.,
Defendants.

Abdulrehman KALOUTI, Plaintiff,

v.

R. W. PRESSPRICH & CO., Inc., et al.,
Defendants.

No. 69 Civ. 5734.

United States District Court,
S. D. New York.

Feb. 4, 1971.

Surrey, Karasik, Greene & Seham, New York City, for plaintiffs Abulaban and others; Fred C. Klein and Martin Seham, New York City, and Paul F. Rothstein, of Surrey, Karasik, Greene & Hill, Washington, D. C., of counsel.

Shea, Gallop, Climenko & Gould, New York City, for plaintiff Kalouti; Leon P. Gold and Daniel L. Carroll, New York City, of counsel.

Shearman & Sterling, New York City, for defendant Paine, Webber, Jackson & Curtis; Werner L. Polak, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant R. W. Pressprich & Co., Inc., John H. Byington, Jr., New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant Fred S. Karaman; James E. Tolan, New York City, of counsel.

METZNER, District Judge:

Plaintiffs' application pursuant to Fed.R.Civ.P. 23 to maintain this action as a class action was granted with direction to counsel to settle an order. The main difference between the proposed orders submitted by plaintiffs and defendant Paine, Webber relates to the content of the notice to be sent to prospective members of the class.

Defendant has asserted counterclaims to the complaint. It is of the opinion that the existence of this possible liability requires that affirmative acquiescence be made by a person to become a

member of the class, rather than automatic membership in the absence of "opting out," as provided by Rule 23(c). Consequently, defendant has inserted in its proposed order a provision and form of request for inclusion as well as a provision and form of request for exclusion. The former specifically provides that the intended participant understands that he will be liable for his prorata share of the recovery against the class in the event the defendant succeeds on its counterclaims. Failure to file this form would exclude the prospective member from participating in any recovery by the class.

The recipient of such a notice can only be confused when, after reading the exclusionary material inserted in the notice to satisfy the rule, he then reads that he must file an inclusionary request in order to participate in any recovery by the class. Defendant's suggested procedure creates bewilderment in an area where the rule sought simplicity. See Advisory Committee's Note, 39 F.R. D. 98; Kaplan, 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harvard L.Rev. 356, 397 (1967).

■ Defendant's problem can adequately be disposed of by appropriate language in the notice to prospective members of the class. As can be imagined, defendant's proposed reference to the counterclaims in the notice would scare potential members of the class from joining the lawsuit. On the other hand, plaintiffs' suggested wording covers a page and a half of description of the claims asserted in the complaint and the fact that $7 million is sought as damages. One sentence is devoted to the counterclaim. An evenhanded, objective description of the claims is called for to satisfy the requirement of adequate notice. When that is achieved, then the notice need only refer to the exclusionary request required by Rule 23(c). The court favors the inclusion of a form for such a request as an attach-

ment to the notice to be mailed to prospective members in this case.

Defendant has referred to several cases in which the notice has required the filing of an inclusionary request in the form of a proof of claim in order to become a member of a class. Philadelphia Elec. Co. v. Anaconda Amer. Brass Co., 43 F.R.D. 452, 459, 462 (E.D.Pa.1968); Iowa v. Union Asphalt & Roadoils, Inc., 281 F.Supp. 391, 403–404 (S.D.Iowa 1968); Harris v. Jones, 41 F.R.D. 70, 73–75 (D.Utah 1966). In each of these cases the court was presented with the potentiality of a large class, and it was thought that reappraisals of class action determinations, preparations for trial and trial management would be helped by such information.

■ I would agree that such information could be useful for the purposes indicated. However, it seems to me that this leads into a discussion of available pretrial discovery procedures which is not relevant to the problem of notice under Rule 23(c). Failure to file any document in the nature of an inclusionary request should not, in the initial stages of the litigation, preclude a person from being considered a member of the class. See Korn v. Franchard Corp., 50 F.R.D. 57 (S.D.N.Y.1970).

In any event, we are dealing here with about 200 persons located in Kuwait whose names and addresses appear to be known by the defendant. Plaintiffs' counsel maintain an office in Kuwait for the practice of law and appear to have retainers from at least half of the prospective members of the class. I doubt that there is any possibility in this lawsuit of a person inadvertently becoming a party plaintiff and unknowingly subjecting himself to possible liability on the counterclaims.

The order should provide that the determination permitting the maintenance of a class action is conditional and subject to review as the litigation progresses.

I interpret plaintiffs' proposed order as providing that they will bear all expense in connection with the printing, mailing and publication of the notice. If there is disagreement with this interpretation, specific provision for such payment shall be included in the order.

I see no need for the order to refer to the defendant's third-party proceedings.

Settle order in conformity with the above observations.