**PFIZER, INC., et al., Defendants-Petitioners,**

v.

**Honorable Miles W. LORD, United States District Judge, Respondent, and**

**The States of California et al., Plaintiffs-Respondents.**

**Docket No. 71-1535.**

United States Court of Appeals, Second Circuit.

July 13, 1971.

John E. F. Wood and J. Paul McGrath, New York City (Dewey, Ballantine, Bushby, Palmer & Wood, New York City), for petitioner Pfizer, Inc.

Samuel W. Murphy, Jr., Kenneth N. Hart, James E. Daniels and Thomas F. Munno, New York City (Donovan, Leisure, Newton & Irvine, New York City), for petitioner American Cyanamid Co.

Merrell E. Clark, Jr., and William M. Dreyer, New York City (Winthrop, Stimson, Putnam & Roberts, New York City), for petitioner Bristol-Myers Co.

Allen F. Maulsby, New York City (Cravath, Swaine & Moore, New York City), for petitioners Squibb Beech-Nut, Inc. and Olin Corp.

Roberts B. Owen and Charles E. Buffon, Washington, D. C., (Covington & Burling, Washington, D. C.), for petitioner The Upjohn Co.

Roger A. Johnson, Minneapolis, Minn. (Johnson, Thompson, Spring & Klaverkamp, Minneapolis, Minn.), John A.

**120**

Cochrane, St. Paul, Minn. (Cochrane & Bresnahan, St. Paul, Minn.), Charles Quaintance, Jr., (Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, Minn.), Richard W. McLaren, Asst. Atty. Gen., Antitrust Div., Dept. of Justice, Washington, D. C., Jean A. Benoÿ, Deputy Atty. Gen., Raleigh, N. C., Slade Gordon, Atty. Gen., Seattle, Wash., Vernon B. Romney, Atty. Gen., San Francisco, Cal., Lee Johnson, Atty. Gen., Salem, Or., Kent Frizzell, Atty. Gen., Topeka, Kansas, Bertram T. Kanbara, San Francisco, Cal., Evelle J. Younger, Atty. Gen., San Francisco, Cal., for plaintiffs-respondents.

Before CLARK, Associate Justice,* and SMITH, Circuit Judge.

## ON PETITION FOR REHEARING OF APPLICATION FOR MANDAMUS

### PER CURIAM:

This is a motion filed by petitioners who are defendants in a private antitrust action in the court below requesting a writ of mandamus directing the Honorable Miles W. Lord, United States District Judge sitting by designation in the Southern District of New York to "(1) address a second notice to the members of the seven consumer classes established by him in the Antibiotic Antitrust Actions requiring the members of those classes to file in advance of trial such claims as they intend to assert * * * or, in the alternative (2) to afford petitioners reasonable opportunity to conduct appropriate pretrial discovery to determine (a) the identities of the members of the consumer classes and (b) the nature and extent of the claims of injury and damage to be asserted by such consumers through their class representatives."

In two orders dated February 10, 1971 and May 4, 1971, 333 F.Supp. 278 Judge Lord determined that the aggregation of the consumer claims was proper under the provisions of Rule 23 of the Federal Rules of Civil Procedure. Judge Lord also approved the notice procedure suggested by the plaintiffs which contemplated the mailing of a written notice to each household in the seven states involved. The defendants now complain that unless each consumer is required to submit an individual claim their due process rights will be violated.

This court considered at length the question of the appropriateness of the use of Rule 23 class actions in the "settlement" cases. State of West Virginia v. Chas. Pfizer et al., 440 F.2d 1079 (2d Cir. 1971). The procedures employed here were essentially those used by Judge Wyatt in the "settlement" cases which this court has approved. If anything, there is less of a due process problem here since the plaintiffs propose to address actual notice to the class rather than relying on notice by publication.

We would take this occasion to remind distinguished counsel for the petitioner-defendants of the importance of the final judgment rule. "The foundation of this policy is not in merely technical conceptions of 'finality.' It is one against piecemeal litigation." Catlin v. United States, 324 U.S. 229, 233–234, 65 S.Ct. 631, 634, 89 L.Ed. 911 (1945). The use of the All Writs Statute is to be confined to very limited circumstances. The Court recently commented on this issue in Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967):

> The peremptory writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 [63 S.Ct. 938, 941, 87 L.Ed. 1185] (1943). While the courts have never confined themselves to an arbitrary and technical definition of 'jurisdiction,' it is

---

* Retired Associate Justice of the Supreme Court, sitting by designation.

clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy.

This litigation has already consumed sizable judicial resources and can be expected to continue to do so. It is not particularly helpful to have the defendants seek interlocutory review of each decision of the district court with which they disagree.

The petition for a rehearing on the motion for mandamus is denied.