[Civ. No. 42201. Second Dist., Div. Three. July 25, 1973.]

RICHARD CARLSON et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SOUTHERN CALIFORNIA EDISON COMPANY,
Real Party in Interest.

**COUNSEL**

Greenberg & Glusker and Michael K. Collins for Petitioners.

No appearance for Respondent.

Rollin E. Woodbury, Chase, Rotchford, Drukker & Bogust, William C. Falkenhainer and David Clark for Real Party in Interest.

**OPINION**

**THE COURT.**—Petitioners, five named plaintiffs in a class action, seek "an appropriate peremptory extraordinary writ-prohibition, mandate, and/or certiorari" to compel respondent superior court to vacate an order made April 16, 1973, allowing service by real party in interest Southern California Edison Company (hereafter defendant) of what the parties have styled "alternative" deposition subpoenas upon unnamed members of the class on whose behalf the instant action was brought.

Briefly, the procedural background of this action is as follows. Petitioners (hereafter named plaintiffs), on behalf of themselves and all other persons similarly situated (hereafter unnamed plaintiffs), brought a class action against defendant claiming damages for trespass and nuisance and seeking a permanent injunction. The complaint alleges that named and unnamed plaintiffs comprise a class of approximately 1,500 persons who own boats which are moored in King Harbor in the City of Redondo Beach; that in the course of the normal operation of a steam power plant by defendant great quantities of particulate pollutants are discharged into the air and fall upon and cause damage to the boats owned by members of the class.

Plaintiffs pray for compensatory damages in the approximate sum of $5,000,000, for exemplary and punitive damages in the sum of $5,000,000, and for a permanent injunction. In its answer defendant denied the material allegations of the complaint and alleged certain affirmative defenses.

Defendant commenced discovery proceedings and, pursuant thereto, named plaintiffs furnished defendant with a list of names, last known addresses and telephone numbers of the approximately 500 unnamed plaintiffs who were members of the King Harbor Boat Owners Association. From that list defendant selected 20 names and noticed the taking of their depositions. Defendant took the position that since the unnamed plaintiffs were persons "for whose immediate benefit" the action or proceeding was being prosecuted, service of subpoenas upon them was unnecessary under the provisions of Code of Civil Procedure, section 2019, subdivision (a)(4).

The named plaintiffs moved for a protective order (Code Civ. Proc., § 2019, subd. (b)(1)), which the trial court granted in part, stating: "The particular ground of the ruling is based upon the fact that subpoenas were not issued to the [unnamed plaintiff] deponents and, at least for the purposes of noticing their depositions, I am treating them as though they were nonparty deponents. [¶] Now, I recognize that they are in what might be characterized as a hybrid classification, at least, but for purposes of this deposition, the present ruling is based upon this court's opinion that it is appropriate and fair and a proper interpretation of the discovery statutes to require that the persons who have been named as members of the class, but who are not named plaintiffs, should be subpoenaed rather than have their depositions noticed without subpoena. [¶] . . . [I]t is an unwarranted and improper burden upon counsel for the plaintiff to require that he produce them [unnamed plaintiffs] on pain of a forfeiture to those persons if the counsel cannot produce them." The trial court's protective order was upheld by the Supreme Court in *Southern California Edison Co.* v. *Superior Court,* 7 Cal.3d 832 [103 Cal.Rptr. 709, 500 P.2d 621].

Subsequently, defendant noticed a "Motion to Allow Service of Alternative Subpoena Upon Unnamed Class Members," the trial court's ruling with respect to that motion being the matter which is now before this court. In essence, defendant's motion sought issuance of deposition subpoenas to unnamed plaintiffs, each subpoena to be accompanied by a letter informing the prospective deponent of the nature of the underlying class action and of defendant's right by virtue of the subpoena to depose the served unnamed plaintiff. The subpoena was also to be accompanied

by a "Declaration Waiving Claim" and a stamped, return-addressed envelope.

The trial court granted defendant's motion and issued its written order as follows:

"IT IS ORDERED:

"1. Subpoenas may be served by Edison upon unnamed members of the class to compel their attendance at deposition. Said subpoenas shall be accompanied by the following form of letter, addressed individually to each prospective witness:

"SUPERIOR COURT<br>
LOS ANGELES COUNTY<br>
Department 86<br>
111 North Hill Street<br>
Los Angeles, California

"Mr. John Smith
00 South Road
Redondo Beach, California

"Re: Richard Carlson, et al., on behalf of themselves
and all other persons similarly situated, v.
Southern California Edison Company;
Los Angeles Superior Court No. 987,456

"Dear Mr. Smith:

"Five individual boat owners at King Harbor, Redondo Beach, California, have filed a class action against Southrn California Edison Company claiming that Edison's generating plant in Redondo Beach, California, caused damage to all of the boats in the three marinas in King Harbor.

"Edison has been advised that you are, or were, a boat owner and that your boat was or is moored at King Harbor. Assuming this information is correct, Edison wants to take your deposition and ask you questions about claims, if any, you may have involving your boat. The purpose of this notice is to advise you of certain facts and your rights connected with the class action and the deposition.

"DESCRIPTION OF THE CLASS

"If you now own or have owned a boat which is or was moored at any of the three marinas (King Harbor, Portofino or Port Royal) at King·

Harbor in Redondo Beach, California, at any time during the period from October of 1967 through the present, you may be a member of the class for the benefit of whom this class action is being brought.

## "DESCRIPTION OF COMPLAINT AND RELIEF SOUGHT

"The complaint filed in this case seeks injunctive relief and money damages on behalf of the named plaintiffs and the class of plaintiffs of whom they are representative. Plaintiffs are represented by the law firm of Greenberg & Glusker.

"The complaint in substance alleges that Edison's generating plant in Redondo Beach, California, from time to time discharges from its stacks certain particulate matter ('fallout') which showers down on the boats in the surrounding area. It is further alleged that the deposit of this fallout on the boats damages them by staining the decks and flat surfaces, staining and destroying sails and canvas covers, and in other ways. It is further alleged that the owners of these boats suffer damage resulting from the fallout, because the owners are required to expend time, labor and money cleaning and repairing their boats and have been deprived of the use and enjoyment of the boats.

"Edison has denied these allegations and has denied that it is causing any damage to the boats or their owners.

"If the named plaintiffs are successful in this action, all of the persons who are then members of the class may be entitled to receive a monetary recovery in compensation for the damages described above. Unless injunctive relief is granted, persons then owning boats moored at King Harbor may also be entitled to the recovery of some amount for future damages which they may sustain.

"If the named plaintiffs are successful in this action, the amount of money which any individual class member would be entitled to recover as damages would depend upon the amount and kind of damages he had sustained, upon the terms of the judgment rendered by the court and upon certain other factors which cannot be foreseen at this time. Depending upon the type of judgment rendered by the court, an individual class member might or might not be required to testify or to take some other affirmative action (such as filling out a claim form) in order to recover his share of the damages.

"If the named plaintiffs are successful in this action, some of the factors

which would be involved in calculating the amount of damages which any individual plaintiff would be entitled to recover are the following: (1) the length of time the boat was moored at King Harbor; (2) the size of the boat; (3) the amount by which the value of the boat had been diminished as a result of Edison's activities; (4) the kind of damage which the boat sustained; (5) the cost of materials purchased for necessary repairs and/or cleaning as a result of Edison's activities; (6) the cost of labor for repairs and/or cleaning of the boat necessary because of Edison's activities, if the boat owner hired someone else to do these tasks; (7) the amount of time spent in repairing and/or cleaning the boat, if the boat owner or someone else performed these tasks without compensation; and (8) other relevant factors.

"If you elect to participate in the class, you will be included in any judgment rendered, whether favorable or not. You will also be subject to the orders of this Court and notices with reference to other matters relating to the case. You will be included in the class unless you request exclusion by filling out the enclosed form and returning it in the enclosed envelope postmarked no later than thirty days from the date you receive this notice.

"You may consult with your own attorney concerning the substance of this letter and the documents enclosed, and, if you desire, you may be represented by the attorney of your choice at the deposition described below or at any other proceedings in this action.

## "DEPOSITIONS TO BE TAKEN BY EDISON

"If you are a member of the class described above and have been served with this notice and the enclosed subpoena, Edison wishes to take your deposition. A deposition is a procedure by which you would appear personally and answer questions, under oath, about claims, if any, you may have involving your boat. This deposition would be held at the place indicated on the enclosed subpoena and is expected to last approximately one hour.

"The California Supreme Court has ordered that Edison must serve you with a subpoena if your deposition is to be taken. The required subpoena is attached to this notice. The subpoena sets forth the date and time of the deposition. If that date or time of the deposition are not convenient to you, a different date or time can be arranged if you will write or telephone the attorneys for Edison or the attorneys for the class. They are:

"For Edison Co.:

William C. Falkenhainer
or
David Clark
Chase, Rotchford, Drukker & Bogust
606 South Olive Street
22nd Floor
Los Angeles, California 90014
Telephone (213) 626-8711

"For the class:

Michael K. Collins
Greenberg & Glusker
1900 Avenue of the Stars, Suite 2000
Los Angeles, California 90067
Telephone (213) 553-3610

"If you intend to remain a member of the class and do not request exclusion therefrom, you should not disobey the subpoena since the law provides that you may be liable for a civil penalty of up to $100, or held in contempt of court. If you do not desire to be included in the class and you desire to waive any claim you may have in this class action, you must indicate your desire to be excluded by completing the attached 'Declaration Waiving Claim' and return it in the envelope provided. 'The Declaration Waiving Claim' requires your signature, the date it was signed and the name of the city where it was signed.

"If you do execute the 'Declaration Waiving Claim,' you will not participate in this class action; however, signing such a waiver does not preclude you from filing any individual lawsuit against Southern California Edison Company or others.

"SUMMARY

"In summary, you must do one of the following:

"1. Appear for your deposition at the time and place stated on the subpoena; OR

"2. Write or telephone one of the attorneys indicated above to arrange for a different date or time for the taking of your deposition. You should

communicate with the attorney as soon as possible, but at least 72 hours prior to the date of the deposition; OR

"3. Execute the 'Delaration Waving Claim' and return the same in the envelope provided, postmarked no later than thirty days after your receipt thereof.

"Even though this notice is prepared on the stationery of the Court, neither the Judge, the Court Clerk nor personnel can advise you as to the merits or particular factual background of this case. Therefore, please do not communicate with the undersigned about the contents of this notice. If the terms of this notice are not clear to you, you may consult either or both of the attorneys named above or the attorney of your choice.

CHARLES S. VOGEL
—————————————————
JUDGE OF THE SUPERIOR COURT

"2. Each subpoena and letter shall be accompanied by the following form designated 'Declaration Waiving Claim:'

"SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| "RICHARD CARLSON, et al., | ) | |
| | ) | No. 987 456 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| SOUTHERN CALIFORNIA EDISON COMPANY, et al., | ) | DECLARATION WAIVING CLAIM |
| | ) | |
| Defendants. | ) | |
| | ) | |

"I,——————————————————, hereby waive any rights I may have to claim any recovery in this class action, and I do not desire to participate in this class action. I understand that signing this waiver does not preclude my bringing or filing any individual lawsuit against defendant Southern California Edison Company or others.

"I declare under penalty of perjury the foregoing is true and correct.

"Executed at ——————————————, California, on ——————————, 1973.

_____
Name

_____
Address

"3. Each subpoena, letter and Declaration shall be accompanied by an envelope with fully prepaid postage, self-addressed to the Los Angeles Superior Court, 111 North Hill Street, Los Angeles, California, Attn: Department 86.

"4. Upon the failure of any person served as above to appear for their deposition, or make the alternative arrangements set forth in the letter, or to return the signed Declaration, Edison must wait fifty (50) days from date of service prior to applying to the Court for an order to compel attendance, for a contempt hearing, or for other sanctions.

"5. Edison shall not serve any such subpoenas as above for twenty (20) days, or until May 2, 1973.

"DATED: April 16, 1973.

CHARLES S. VOGEL
_____
JUDGE OF THE SUPERIOR COURT"

The letter which, under the order of the trial court, must accompany the deposition subpoenas affords unnamed plaintiffs three alternative courses of action. Thus, in the part of the letter entitled "SUMMARY" the prospective deponent is instructed that he "must" either (1) appear for his deposition pursuant to the accompanying subpoena, (2) arrange for a different time for the taking of his deposition, or (3) execute the "Declaration Waiving Claim" and thereby waive all rights to recovery as a member of the class. ■ Accordingly, the issue presented is whether the unnamed plaintiffs' rights to remain as members of the class can be made to depend without qualification upon their willingness to submit to deposition proceedings.

Apparently a similar suggestion for excluding unnamed class members was made in connection with the previous proceedings which culminated in the Supreme Court opinion to which reference has been made hereinabove, *Southern California Edison Co.* v. *Superior Court, supra,* 7 Cal.3d 832. Thus the Supreme Court stated therein (pp. 841-842): "In the instant

case, several factors warranted the trial court's conclusion that there was good cause for the issuance of a protective order: . . . Most importantly, it was charged that defendant planned to continue noticing the depositions of batches of unnamed plaintiffs and to move for exclusion from the class of those who did not appear." In expressing disapproval of that procedure the Supreme Court stated at page 842: "We fear that the notice procedure employed by Edison is susceptible of great abuse. In essence, plaintiffs' attorneys will be forced to expend extraordinary time and effort to round up persons of a disorganized class with whom they probably have had no prior contact; such occurred in the instant case. Prospective deponents who do not heed informal efforts on the part of counsel and do not appear will *face potential exclusion. Thus, a defendant can effectively stifle a class action at the discovery stage, either by imposing impossibly expensive burdens on the named plaintiffs or by chipping away at the size of the class through exclusion of the unnamed plaintiffs.* It is especially vital to prevent such 'chilling' of class actions in light of their new importance as a litigation tool, presaged by recent federal cases and our own decisions in *Daar* v. *Yellow Cab, supra,* 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732] and *Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800 [94 Cal.Rptr. 796, 484 P.2d 964]." (Italics added.)

It appears that the procedure embodied in the trial court's order under consideration here is but another device by which a defendant could "chip away at the size of the class through exclusion of the unnamed plaintiffs." By way of guidance it is to be noted that rule 23, subdivision (c) (2), of the Federal Rules of Civil Procedure[1] provides that notice be given to unnamed members of the class respecting the nature of the class action and that members who do not wish to participate may request exclusion from the class. However, in the instant case, the order under consideration did not allow unnamed plaintiffs to freely "opt out" of the class but, rather, required them to either submit to deposition proceedings or exclude themselves from the class. In effect, unnamed plaintiffs served with deposition

---

[1]Rule 23, subdivision (c)(2), of the Federal Rules of Civil Procedure provides: "(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel."

Similar notice requirements are provided in California Civil Code section 1781, subdivisions (d) and (e) (Consumers Legal Remedies Act), and in the new Manual for the Conduct of Pretrial Proceedings on Class Action Issues, formulated by the Los Angeles Superior Court.

subpoenas are required, under the terms of the trial court's order, to take affirmative action in order to remain as members of the class.

Despite the clear wording of rule 23, subdivision (c) (2), controversy still exists in the federal courts as to whether unnamed members of a class should be required to take affirmative action (opt in) in order to retain their status as members of the class or be allowed to remain members of the class unless they take affirmative action to exclude themselves (opt out) from the class. (See Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure,* 81 Harv.L.Rev. 356 at pp. 394-398; compare *State of Iowa* v. *Union Asphalt & Roadoils, Inc.* (S.D.Iowa 1968) 281 F.Supp. 391, 403, with *Abulaban* v. *R. W. Pressprich & Co.* (S.D.N.Y. 1971) 51 F.R.D. 496, 497.)

Thus, in *Wainwright* v. *Kraftco Corporation* (N.D.Ga. 1972) 54 F.R.D. 532, footnote page 535, the court stated: "Defendants have renewed their request that the court require all class members to file a 'proof of claim' before the trial begins. The court did not grant this request earlier in this case, although it is aware that some courts have required class members to affirmatively indicate their intentions to prove damages even before liability is established by the representative party. *E.g.,* Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452, 459-460 (E.D. Pa. 1968). *Compare* In re Antibiotic Antitrust Actions, 333 F.Supp. 267, 271-272 (S.D.N.Y. 1971), *with* In re Antibiotic Antitrust Actions, 333 F.Supp. 278, 281-282 (S.D.N.Y. 1971).

"The court's reluctance to require such an affirmative indication by class members at the outset of the class action stems from the literal terms of Rule 23, especially Rule 23(c) (2) (B) which provides that the judgment 'will include all members who do not request exclusion.' It is clear that the draftsmen of the Rule intended this to mean that class members must 'opt out,' not 'opt in.' *See* Kaplan, Continuing Work of the Civil Committee, *supra,* 397-398. Indeed, at least one court which did require the filing of such a 'proof of claim' recognized that unless and until liability to the class is established class members may not be barred for failure to file the 'proof of claim' in view of the objectives of Rule 23. Korn v. Franchard Corp., 50 F.R.D. 57, 59-60 (S.D.N.Y. 1970). Such a lack of sanction is a further reason, in this court's opinion, for refusing to require class members to somehow 'opt in' before liability is established.

"The court does not, however, rule out the use of such a 'proof of claim' device as a reasonable condition to the participation by class members in any recovery." However, even in cases requiring unnamed class members to take some affirmative action, such as filing a proof of claim form, few

have made noncompliance with the requirement a reason for exclusion of class members. (See *In re Antibiotic Antitrust Actions* (S.D.N.Y. 1971) 333 F.Supp. 278, 281-282; *Eisen* v. *Carlisle & Jacquelin* (S.D.N.Y. 1971) 52 F.R.D. 253, 268; *Pfizer, Inc.* v. *Lord* (2d Cir. 1971) 449 F.2d 119, 120; *Korn* v. *Franchard Corporation* (S.D.N.Y. 1970) 50 F.R.D. 57, 59-60 (revd. on other grounds 456 F.2d 1206); *In re Cohen's Will* (S.D. N.Y. 1970) 51 F.R.D. 167, 175.)[2]

If defendant is desirous of taking the depositions of unnamed plaintiffs, remedies are available to it to enforce its subpoenas. The sending of notice to unnamed plaintiffs respecting the nature of the action and their option to exclude themselves from the class should they choose to do so is not, in and of itself, improper. Indeed, this is procedure approved under rule 23, Federal Rules of Civil Procedure, and California Civil Code section 1781 for use at an appropriate time. That which we find objectionable is the either/or nature of the notice used here, reinforced as it is by inclusion of the waiver form, which encourages unnamed plaintiffs to "opt out" of the class at the discovery stage rather than to submit to deposition proceedings.

For reasons noted herein, the trial court's order of April 16, 1973, constituted an abuse of its discretion.

Let the peremptory writ of mandate issue directing the trial court to vacate its order of April 16, 1973, and to proceed in accordance with the governing law stated herein.

**ALLPORT, J.**—I dissent.

The majority holds that the order of the trial court for submission to unnamed plaintiffs of a notice requiring them to appear for a deposition in response to a personally served subpoena or arrange for some date or time other than that specified or execute a waiver of participation in the

---

[2]It should be remembered that the primary purpose of the "opt out" provisions of rule 23, subdivision (c)(2), is not to cut down the size of the class but to respect the interests of unnamed class members who might wish to pursue their own litigations. Thus, in the Notes of Advisory Committee on Rules respecting rule 23, subdivision (c)(2), the committee states: "Subdivision (c)(2) makes special provision for class actions maintained under subdivision (b)(3). As noted in the discussion of the latter subdivision, the interests of the individuals in pursuing their own litigations may be so strong here as to warrant denial of a class action altogether. Even when a class action is maintained under subdivision (b)(3), this individual interest is respected. Thus the court is required to direct notice to the members of the class of the right of each member to be excluded from the class upon his request. A member who does not request exclusion may, if he wishes, enter an appearance in the action through his counsel; whether or not he does so, the judgment in the action will embrace him."

class action at the discovery stage is so derogatory of the class action procedure as to amount to an abuse of discretion requiring vacation of the order. I do not agree that the order is objectionable, much less that it is an abuse of discretion.

The inherent complexity of class actions requires the establishing of procedures calculated to expedite their conclusion with due consideration to the rights of all concerned, not only the named parties plaintiff and their attorneys but the unnamed parties plaintiff, the defendants and the courts. It is conceded that the letter in question fully and fairly explains the nature of the action in general, the deposition procedure and the options of the unnamed parties. The either/or nature of the communication in no way compels action not otherwise required by the mere service of the subpoena. It merely offers the one served with the subpoena a quick, inexpensive and convenient way to extricate himself from participation in a legal action in which he may have no interest whatsoever, i.e., his boat may have suffered only inconsequential damage or perhaps it was not even in the harbor at the time in question. If the ordinary subpoena process is required this party is faced with uncertainty, expense, inconvenience and possible legal action for failing to obey the compulsion of the subpoena. In this regard, I question the holding of the majority that the issue presented in this petition is whether the unnamed plaintiffs' rights to remain as members of the class "can be made to depend upon their willingness to submit to deposition proceedings." Once the unnamed plaintiff has been served with a subpoena he is under court order to appear for the deposition and there is no question of willingness on his part to submit. His failure to appear could result in contempt proceedings under Code of Civil Procedure sections 1209, subdivision 9; 1991 and 1992, or in dismissal of the action as to him under section 2034. The procedure contemplated by the order in question may be of material benefit to him and of no detriment either to him or to any of the other parties or to the prosecution of the action itself. In fact the procedure appears to me to offer material benefits to all concerned.

It is necessary that at some stage of the procedure the extent of the class be determined. An advance determination is of benefit if settlement is to be had at an early stage of the action. The settlement possibility is reached only after the extent of the class is determined and the potential monetary loss and defense expense established with some degree of certainty. The cost of defense is an important consideration in effecting settlement and is directly affected by the nature and extent of the discovery to be had and the length of the trial itself. It would appear to be unnecessary to refer to other benefits that might be gained from adopting the procedure contemplated by the order in question. Since in my opinion only benefit

to all concerned can result from the procedure adopted, I must conclude that the trial court exercised its discretion wisely. Certainly it was not abused.

I would discharge the order to show cause and deny the petition for the writ.

A petition for a rehearing was denied August 16, 1973. Allport, J., was of the opinion that the petition should be granted. The petition of the real party in interest for a hearing by the Supreme Court was denied September 19, 1973.