**Freddie D. ROBINSON et al.,**
**Plaintiffs-Appellants,**

v.

**UNION CARBIDE CORPORATION, etc.,**
**Defendant-Appellee.**

**No. 75–1008.**

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1977.

J. U. Blacksher, Mobile, Ala., Jack Greenberg, Melvyn Leventhal, New York City, Caryl P. Privett, Birmingham, Ala., for plaintiffs-appellants.

Vella M. Fink, EEOC, Washington, D. C., (Equal Employment Opportunity Commission) amicus curiae on rehearing.

Vincent McAlister, Sheffield, Ala., for defendant-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion September 10, 1976, 5 Cir. 1976, 538 F.2d 652.)

Before WISDOM and INGRAHAM, Circuit Judges, and GROOMS, District Judge.

INGRAHAM, Circuit Judge:

The original opinion is modified by withdrawing the language following the first sentence under the section entitled "Class Action Claim" found on page 662 and continuing to the end of the opinion, substituting the following therefor.

■ We preface this discussion by noting that the action probably should have proceeded under Rule 23(b)(2) rather that 23(b)(3).[10]

---

**10.** Rule 23(b)(2) and (b)(3) provide:

An action may be maintained as a class action if . . .

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the

The former compels inclusion and therefore promotes judicial economy, consistency of result, and binding adjudication more effectively than 23(b)(3). *Mungin v. Florida East Coast Ry. Co.,* 318 F.Supp. 720, 730 (M.D.Fla.1970), *aff'd* per curiam, 441 F.2d 728 (5th Cir.), *cert. denied,* 404 U.S. 897, 92 S.Ct. 203, 30 L.Ed.2d 175 (1971). *See also Bing v. Roadway Express, Inc.,* 485 F.2d 441, 447 (5th Cir. 1973). However, (b)(3) type actions do bind all persons who do not opt out of the action. Fed.R.Civ.P. 23(c)(2). Rule 23 does not require notice for (b)(2) type actions. *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 254–57 (3rd Cir. 1975). Rule 23(c)(2) provides for mandatory notice to class members in (b)(3) type actions, whereby each has a right to exclude himself, or opt out of, the class. This "Book-of-the-Month Club" [11] approach prevents "sideline sitting" by eligible class members.

*Compare Escott v. Barchris Construction Corp.,* 340 F.2d 731, 735–36 (2nd Cir. 1965) (Friendly, J., concurring).

■ ■ Appellants' attack is directed at the supplemental provision of the district court's "Notice of Pendency of Class Action" requiring class members to opt in to obtain back pay.[12] The district court undoubtedly realized that there are some class actions where it is necessary for class members who do not opt out "to take some affirmative action as a condition of ultimate recovery." 3B Moore's Federal Practice ¶ 23.55 at 23–1161 (1975). The key word here is "ultimate." This has particular relevance to Title VII actions, wherein a bifurcated procedure is utilized to determine, first, liability and then relief. *Swint v. Pullman-Standard,* 539 F.2d 77, 94 (5th Cir. 1976); *Sagers v. Yellow Freight System, Inc.,* 529 F.2d 721, 733–34 (5th Cir.

controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

11. *See* Frankel, "Some Preliminary Observations Concerning Civil Rule 23," 43 F.R.D. 39, 44 (1967).

12. The first portion of the district court's notice provides:

You are hereby notified that Freddie D. Robinson and others have pending a legal action in the United States District Court for the Southern District of Alabama on behalf of all black job applicants and black employees of Union Carbide Corporation, Materials Systems Division.

The Court has by Order found and determined that this action is to be maintained as a class action for the benefit of the class.

The basis of liability claimed against the defendant is the alleged violations of federal fair employment laws.

The defendant has denied liability.

If you are black and are either an employee or have been an employee or have an outstanding job application with the defendant, Union Carbide Corporation, Materials Systems Division, you will be included in such class for injunctive relief purposes; it is not necessary for you to contact the Court per-

taining to injunctive relief sought and any judgment will be binding upon you; however, if you wish to participate in this part of the litigation you have a right so to do and if you so elect you must notify the Clerk of the Court of your election by <u>February 20th,</u> 1974.

The supplemental provision provides:

If you are black and an employee or have an outstanding job application with defendant, Union Carbide Corporation, Materials Systems Division, and desire other appropriate relief in addition to the injunctive relief, you must notify the undersigned in writing at Post Office Box 1964, Mobile, Alabama, 36601, or at the United States Court House, Clerk's Office, Mobile, Alabama, and said notice to be postmarked or filed not later than <u>February 20th,</u> 1974. If you desire to be included in the class for any such other appropriate relief and notify the undersigned or the Court of the same, you will be notified when the case is set on the merits, at which time you must appear and prove your claim in accordance with the law and be prepared to prove what efforts you have taken to mitigate your damages, if any.

A hearing is scheduled for 9:00 a. m. on <u>February 15th,</u> 1974 in Room 229, United States Court House, Mobile, Alabama to which you are invited to attend and at which meeting you may ask questions and receive answers as to your rights and responsibilities. As you will note, this meeting is scheduled prior to the time you must make your election.

1976); *Baxter v. Savannah Sugar Ref. Corp.,* 495 F.2d 437, 443–44 (5th Cir. 1974). Although there may be some Title VII actions in which unnamed individual plaintiffs will have to come forward to establish their entitlement to portions of the recovery, such requirement should not be imposed upon them until *necessary* for adjudication. In this case, coming forward to establish an entitlement was futile in light of the initial determination by the district court that that defendant was not liable. Opting in was not necessary before the determination of liability. The district court apparently relied upon the language of 23(d)(2)[13] for its opt-in requirement. Although 23(d)(2) might be read to impinge upon the preceding subsections of Rule 23, we cannot believe that it was intended to negate the clear thrust of the rule which is to minimize the requirement of active intervention by numerous members of an affected class.

■ Upon remand, the court should consider the claims of those class members who would have been excluded by their earlier failure to opt in for back pay purposes. It may be necessary to obtain some affirmative action before the final determination of appropriate relief. While not necessarily erroneous, the language of the supplemental provision is not especially informative as to what relief was available to the class members. The district court should inform class members that back pay is included among possible types of relief.

We REVERSE this part of the district court's judgment.

## CONCLUSION

We AFFIRM the district court on the hiring practices issue; we REVERSE and REMAND on the no-discrimination findings as to Union Carbide's system of promotion and on the class action issue.

WISDOM, Circuit Judge (concurring specially):

After further consideration of *Robinson v. Union Carbide Co.,* No. 75–1008, September 10, 1976, the Court has withdrawn the section of its opinion entitled "Class Action Claim" and has substituted a new opinion. Because the majority opinion restricts too narrowly the discretion of district courts to gather information in class action suits, I file this special concurrence.

The plaintiffs-appellants brought a class action job discrimination case against the company's Materials Systems Division. The district court held that neither the hiring policies nor the job promotion practices of the division violated the Civil Rights Acts. We affirmed the holding about hiring but reversed that portion of the holding relating to job promotions, because the company had not satisfactorily rebutted the plaintiffs' statistical showing of racial discrimination.

The plaintiffs based their appeal, in part, on notice sent to the members of the class by the district court at the outset of the suit:

> If you are black and an employee or have an outstanding job application with defendant . . . and desire other appropriate relief in addition to injunctive relief, you must notify the undersigned in writing . . . . If you desire to be included in the class for any such other appropriate relief and notify the undersigned or the Court of the same, you will be notified when the case is set on the merits, at which time you must appear and prove your claim in accordance with the law and be prepared to prove what efforts you have taken to mitigate your damages, if any.

The workers argue that this notice violates the opt-out provisions of Rule 23(c)(2) of the

---

**13.** Rule 23(d)(2) provides:

In the conduct of actions to which this rule applies, the court may make appropriate orders . . .

(2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action.

Federal Rules of Civil Procedure[1] because it requires class members to take affirmative action to secure back pay or other damages. At first glance, the unfortunate wording of the supplemental notice provision appears to require members to take affirmative action to join the class. If the notice actually constituted an opt-in order, it would clearly violate Rule 23. *See* Tentative Draft, *Manual for Complex Litigation* 72–74 (fourth revision, July 21, 1976). Closer analysis of both the supplemental and primary notices reveals, however, that they do not require the plaintiffs to opt into the class action in violation of the Rule. As a result, I cannot accept the plaintiffs' objection to the notices, although I would remand them for further action by the district court on other grounds.

Rule 23, as amended in 1966, requires the trial court in a class action to issue an "opt-out" notice informing class members that they will be bound by the law suit unless they notify the court of their intention not to be bound. If they so notify the district judge, the judgment in the class action will neither affect them nor prevent them from filing a later suit on the same matter. The authors of the Rule preferred this approach over an "opt-in" procedure whereby members of the class would notify the district court if they desired inclusion in the suit. Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the*

*Federal Rules of Civil Procedure (I)*, 81 Harv.L.Rev. 356, 397 (1967). The amendment therefore prevents potential class members from delaying their decision about whether to join the action until the case reaches judgment. Such "sideline sitting" would enable them to receive the benefits of a judgment in their favor and to avoid the res judicata effect of a decision against their interests. 3B Moore's Federal Practice ¶ 23.55 at 23–1160 (1975). Now, they will be bound unless they "opt-out" at an early stage of the litigation.

The supplemental notice in this case does not violate the amendment to Rule 23(c)(2) because it does not require members to opt-into the class action in order to be bound by it. As the trial court explained in its primary notice,[2] the class members were bound unless they notified the court of their desire to be excluded. The supplemental notice, directed only to those members who had not excluded themselves, merely conditioned the receipt of individualized non-injunctive relief on the submission and proof of the claim for such relief. If the members had not submitted their claims, they could not have brought other suits because, under the court's primary notice, the class action had res judicata effect upon all claims arising from the alleged job discrimination. Consequently, the two notices prevented sideline sitting and did not violate Rule 23(c)(2).

1. Rule 23(c) states in part:

    (2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

2. The first portion of the district court's notice of January 7, 1974 states in part:

    You are hereby notified that Freddie D. Robinson and others have pending a legal action in the United States District Court for the Southern District of Alabama on behalf of all black job applicants and black employees of Union Carbide Corporation, Materials Systems Division . . .

    The Court has by Order found and determined that this action is to be maintained as a class action for the benefit of the class.

    .        .        .        .        .

    If you are black and are either an employee or have been an employee or have an outstanding job application with the defendant, Union Carbide Corporation, Materials Systems Division, you will be included in such class for injunctive relief purposes; it is not necessary for you to contact the Court pertaining to injunctive relief sought and any judgment will be binding upon you; however, if you wish to participate in this part of the litigation you have a right so to do and if you so elect you must notify the Clerk of the Court of your election by February 20th, 1974.

Correctly analyzed, the supplemental notice in *Robinson* arises from Rule 23(d)(2),[3] not (c)(2). Because the authority to issue such notices is discretionary rather than mandatory, the question is whether the district court abused its discretion by issuing a supplemental notice that conditioned damage recovery on certain affirmative action by class members. I would hold that an abuse occurred because the notice burdens too severely the right of small claimants to benefit from the class action.

The class action device enables small claimants, who could not afford to bring individual law suits, to vindicate their common rights. *Hawaii v. Standard Oil Co.*, 1972, 405 U.S. 251, 265–66, 92 S.Ct. 885, 31 L.Ed.2d 184; *Korn v. Franchard Corp.*, S.D. N.Y.1970, 50 F.R.D. 57, 58, *rev'd on other grounds*, 2 Cir. 1972, 456 F.2d 1206; *cf. Rothman v. Gould*, S.D.N.Y.1971, 52 F.R.D. 494, 496. This overriding policy supports the "opt-out" approach of the 1966 amendments. As Professor Kaplan has argued:

> [R]equiring individuals affirmatively to request inclusion in the lawsuit would result in freezing out the claims of people—especially small claims held by small people—who for one reason or another, ignorance, timidity, unfamiliarity with business or legal matters, will simply not take the affirmative step. The moral justification for treating such people as null quantities is questionable. . . .
>
> It seems fair for the silent to be considered as part of the class.

Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I)*, 1967, 81 Harv. L.Rev. 356, 397–98.

Despite the strength of this policy, district courts have consistently tempered it with the recognition that damage remedies, even in class actions, should respond to harm actually suffered by class members.

In a securities case the purchaser of ten shares may deserve twice the recovery of the purchaser of five shares. Similarly, in a job discrimination action, a worker unjustifiably denied three promotions may deserve more back pay than another worker denied only one advancement. To effect such remedies, then, courts must request class members to explain the facts of their various claims. *See, e. g., Philadelphia Electric Co. v. Anaconda American Brass Co.*, E.D.Pa. 1968, 43 F.R.D. 452, 459; *Harris v. Jones*, D.Utah 1966, 41 F.R.D. 70, 74. Furthermore, early discovery of the extent and type of claims can expedite substantially the management of a class action. For instance, in *Arey v. Providence Hospital*, D.D.C.1972, 55 F.R.D. 62, the court requested early feedback from class members in an employment discrimination suit. Judge Flannery thought the information:

> would be instructive and aid the court by providing information as to the scope of the class and the scope and diversity of discrimination claims, thereby allowing the court to rule more intelligently in future determinations regarding the boundaries of the class, the need for subclasses, or even a re-evaluation of the class status designation itself. In the court's mind, the fact that this action is brought under Title VII and involves individual rights championed in the public interest is supportive of the court's desire for as much information as possible before making rulings affecting these rights.

Early identification of this information will also encourage accurate settlement discussions.

The task facing district judges as they promulgate 23(d)(2) notices is to reconcile the conflicting policies. Although the decision-making must proceed case by case, a few general observations can help guide the

---

**3.** Rule 23(d) states in part:

In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; . . .

exercise of district court discretion. First, proper management of class actions requires that district judges be granted the authority under Rule 23(d)(2) to request class members to file statements of their claims. *Knight v. Board of Education,* S.D. N.Y.1969, 48 F.R.D. 108, 112–14; *Iowa v. Union Asphalt & Roadoils, Inc.,* S.D.Iowa 1968, 281 F.Supp. 391, 403–04; *Harris v. Jones,* D.Utah 1966, 41 F.R.D. 70, 74. Second, because this information can assist district courts as they structure sub-classes, reexamine class designations, or promote prompt settlements and other dispositions, district judges should be able to request that class members respond to supplemental notices at early stages of litigation.[4] *Arey v. Providence Hospital,* D.D.C.1972, 55 F.R.D. 62, 71–72. Third, the courts, when necessary, should be able to enforce their requests for information by limiting recovery to those who respond. *Korn v. Franch-*

*ard Corp.,* 2 Cir. 1972, 456 F.2d 1206, 1210–11, illustrates the problems created by optional claim statements. So few class members in this securities case responded to the request for information that the defendants moved to dissolve the class. Although the district court wisely denied the motion, the valid purposes for which it issued the supplemental notice could hardly have been attained when 75 percent of the class failed to return the questionaire and another 15 percent did not answer it completely. *Id.;* *Korn v. Franchard Corp.,* S.D.N.Y.1970, 50 F.R.D. 57, 58–59. Consequently, we cannot say as a general rule that enforcement of claim statement requests necessarily exceeds the discretion granted district judges under Rule 23(d)(2). A court may decide that enforcement is not needed in various cases or stages of litigation. *Arey v. Providence Hospital,* D.D.C.1972, 55 F.R.D. 62, 72. But given the substantial need for ac-

---

4. In an amicus brief the Equal Employment Opportunity Commission argues that "no purpose whatsoever is served by requiring class members to present back pay claims prior to a determination as to liability" of the defendant. As Judge Flannery explained in *Arey v. Providence Hospital,* D.D.C.1972, 55 F.R.D. 62, however, several benefits can accrue from early statement of claims. By forbidding early requests for such statements, we would deny district courts the discretion to collect claim information that could assist in management of the class, definition of sub-classes, promotion of settlements, or re-evaluation of the class designation itself. Consequently, we cannot hold as a matter of law that a district judge necessarily abuses his discretion by requiring the statement of claims prior to the imposition of liability.

Several district courts in the exercise of their discretion, have declined to require early claim statements. *See, e. g., Byrnes v. IDS Realty Trust,* D.Minn.1976, 70 F.R.D. 608, 614; *B & B Investment Club v. Kleinert's Inc.,* E.D.Pa.1974, 62 F.R.D. 140, 145–51; *Sirota v. Econo-Car International, Inc.,* S.D.N.Y.1974, 61 F.R.D. 604, 607–08. Our holding would not preclude such judgments. But these cases do not provide the grounds for holding a contrary decision necessarily to be an abuse of discretion. *B & B Investment Club,* for instance, holds that as a matter of fact the potential benefits of requiring early claim statements do not outweigh the potential detriments. Because such factual determinations will vary from case to case, district courts should have the discretion to weigh

the merits of each situation. Furthermore, the potential detriment underlying the *B & B* decision rests on the dubious assumption that small claimants will more likely take affirmative action to state their claims after, rather than before, the decision on liability. Before this assumption could provide the basis for a legal decision precluding all requests for early claim statements, substantial empirical evidence would have to support it. Presently, no empirical data exist on the topic.

The EEOC also submits that requiring early claim statements violates Title VII principles. First, it argues that *Albemarle Paper Co. v. Moody,* 1975, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280, prohibits district courts from conditioning recovery of back pay on early statements of claims. *Moody* held that a district court could not deny back pay to an entire class of plaintiffs without a compelling justification. The Supreme Court found that "good faith" conduct by an employer could not justify such a denial. But the Court also found that delay in the request for back pay by a plaintiff class could justify a denial. If delay can become a "compelling justification," then a total failure to provide the district court with a basis upon which to manage the class action and to compute damages should also provide the justification. Furthermore, the Supreme Court granted the district courts broad discretion to make such determinations. Appellate courts were instructed to reverse only clearly erroneous decisions. Consequently, *Moody* supports our refusal to limit the discretion of the district courts.

curate information about claims, district courts should retain discretionary enforcement authority.

Because of the basic purpose of the class action, however, district courts cannot exercise unlimited discretion to issue (d)(2) notices. The judiciary must always be sensitive to the need of citizens to protect their common rights while avoiding the expense and procedural burdens of major litigation. To protect this interest, courts should not issue (d)(2) notices that require complicated legal responses. First, notices should not place the burden on class members to discover what remedies might be available to them. Open ended requests for them to come forward and make their cases would require class members to seek legal advice, a substantial financial burden, to discover whether they had cases to advance. The court itself should set forth the alternatives, as well as any other points of law necessary to understand the notice. Second, the court should limit the required responses by class members to factual matters that laymen can easily supply. *See Knight v. Board of Education,* S.D.N.Y. 1969, 48 F.R.D. 108, 113 (a sample questionaire). Third, the court should provide the easiest means practicable for the members to register their responses. Requiring personal appearances, at least at early stages of the litigation, would generally impose too great a burden, especially where written responses would suffice. In addition, any requests for writings should include, whenever possible, a form that the members can easily fill out and return. By instituting such precautions, the district judge can satisfy both the need for information and the requirement that recovery by class members not be too severely conditioned on participation in the litigation.

In *Robinson* the supplemental notice exacts too much from the class members in two respects. First, the notice does not ask for specific factual information that laymen can supply without reliance on legal counsel. By leaving class members to discover on their own whether any remedies might be available to them, the court burdens them with a legal determination. This discovery process would be expensive and time consuming for laymen, who probably would have to consult lawyers. The notice, therefore, impermissibly encumbers the rights of class members to benefit from the action. Second, the court announced too early in the litigation that the members would have to appear in court to prove their claims. Because personal appearances impose significant burdens, the request for them should not occur until the district court has determined that the judgment in the action requires them. Only if written submissions and the trial record fail to provide an adequate basis to determine remedies should class members be required to argue their cases in person.

For these reasons the district court abused its discretion by conditioning ultimate recovery of noninjunctive relief on the workers' responses to the supplemental notice. Because we have already remanded the case, I would merely add this conclusion to the remand order and instruct the court to issue a new supplemental notice, consistent with this opinion, to those class members who may deserve recovery of back pay because of discrimination in job promotions. A sample notification appears in the margin.[5]

---

5. Supplemental Notice: You are hereby notified that the United States District Court for the Southern District of Alabama continues to consider a lawsuit against the Union Carbide Corporation, Materials Systems Division, filed on behalf of black employees. The court must now decide whether to award back pay to any employee or former employee who suffered job discrimination because of promotion policies of the Division.

Before the court can award back pay, it must evaluate the individual claims of job discrimination by employees and former employees. If you are black and an employee or former employee of the division, by filling out the enclosed form you will enable the court to determine whether you should receive an award of back pay. If you do not return the form, you will not receive an award. Please send the form to the court at Post Office Box 1964, Mobile, Alabama 36601, postmarked no later than (date).