**ENTERPRISE WALL PAPER MFG. CO., on behalf of itself and all others similarly situated, Plaintiff,**

v.

**Samuel W. BODMAN et al., Defendants.**

**Civ. A. No. 79 Civ. 2419.**

United States District Court, S. D. New York.

Jan. 30, 1980.

---

Greenfield & Schoen, Bala Cynwyd, Pa., Berger & Montague, Philadelphia, Pa., Olnick, Boxer, Blumberg, Lane & Troy, New York City, for the classes; Richard D. Greenfield, Sterling H. Schoen, Jr., Robert P. Frutkin, Gilbert F. Ashley, Bala Cynwyd, Pa., Sherrie R. Savett, Stanley R. Wolfe, Philadelphia, Pa., and Donald A. Derfner, New York City, of counsel.

Stoel, Rives, Boley, Fraser & Wyse, Portland Or., Cahill, Gordon & Reindel, New York City, for Floating Point Systems, Inc., Frank M. Bouton, Sr., Frank M. Bouton, Jr., Robert L. Carter, J. Robert Newton, George P. O'Leary, Jon O. Salquist, C. Norman Winningstad, and Dolores C. Winningstad; Barnes H. Ellis, Lois O. Rosenbaum, Portland, Or., Allen S. Joslyn, Robert Fryd, New York City, of counsel.

J. Reynolds Barnes, Portland, Or., for Frank M. Bouton, Sr., Frank M. Bouton, Jr., and Robert L. Carter.

Breed, Abbott & Morgan, New York City, for First Century Partnership, John S. Dulaney, Michael J. Meyers, Greylock Investors & Co., Charles P. Waite, Daniel S. Gregory, Henry F. McCance, Howard E. Cox, Fidelity Ventures Ltd., Thomas P. Stephenson, Henry W. Hoagland, Samuel W. Bodman, Peter D. Danforth, and Fidelity Venture Associates, Inc.; Joseph P. Dailey, New York City, of counsel.

Sullivan & Cromwell, New York City, for Goldman, Sachs & Co. and Dean Witter Reynolds, Inc.; Marvin Schwartz, Charles E. Dorkey, III, New York City, of counsel.

## MEMORANDUM AND ORDER

SOFAER, District Judge:

The parties in this class action brought under the securities laws have worked constructively in disposing of many issues respecting class certification and notice. Their efforts have failed, however, to resolve several questions relating to the form and content of notice to the plaintiff class, some of which seem to arise repeatedly and warrant comment.

## 1. Should Class Members Be Required to File a Claim?

■ Defendants argue that each person receiving notice be required to file a statement of claim in order to qualify as a class member. Justice Benjamin Kaplan, when he was still Professor of Law at Harvard, explained some years ago the reasons against requiring individuals in a class action affirmatively to seek inclusion. Kaplan, *Continuing the Work of the Civil Committee: 1966 Amendments and the Rules of Civil Procedure*, 81 Harv.L.Rev. 356, 397–98 (1967). Rule 23(c)(2)(B) calls for a notice that enables prospective members to opt-out, in language strongly suggesting the impropriety of opt-in requirements (i. e. "the judgment, whether favorable or not, will include all members who do not request exclusion"). This reading of the rule has been accepted by most courts essentially for the reasons stated by Justice Kaplan, absent special circumstances such as the existence of a small, highly sophisticated plaintiff class. *See generally Manual for Complex Litigation* 50 (1977). Even assuming that in very limited circumstances a court has discretion under Rule 23 to order some form of opt-in procedure, *see, e. g., Iowa v. Union Asphalt and Road Oils, Inc.*, 281 F.Supp. 391, 403 (S.D.N.Y.1968); *Minnesota v. United States Steel Corp.*, 44 F.R.D. 559, 577–78 (D.Minn.1968), defendants here have failed to make a case for their position. This case potentially involves the type of shareholder-plaintiffs whose interests would likely be harmed by an opt-in requirement. The plaintiff class has not been shown to be any more knowledgeable or sophisticated than the ordinary shareholder.

## 2. Should Defendants Be Permitted to Take Discovery of Absent Class Members?

■ Defendants seek alternatively to be allowed to require absent members of the plaintiff class to provide information as to their purchases and sales of Floating Point shares. Several cases have held that absent class members are not parties for discovery purposes under Rules 33 and 34 of the Federal Rules of Civil Procedure. *E. g., Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D.Ga.1972). Unquestionably, there are contexts in which absent class members should not be deemed parties, as for example in connection with counterclaims under Rule 13. *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489 (S.D.N.Y. 1973). Yet, it seems dubious to assume there are no circumstances under which absent class members should be treated as parties for discovery purposes. *See Marcera v. Chinlund*, 595 F.2d 1231; 1240 (2d Cir. 1979). Nevertheless, a strong showing should be required before discovery of absent class members is compelled, *Hawkins v. Holiday Inns, Inc.*, 24 F.R.Serv.2d 357, 358–59 (N.D.Tenn.1977), and no such showing has been made in this case.

The non-mandatory Statement of Claim should provide useful guidance to experienced counsel and defendants of the extent of damages that may be sought. Mandatory discovery of ordinary shareholders would provide more definite information, but at the likely price of extinguishing claims by deterring participation or creating a basis for limiting claims. Furthermore, this type of discovery, which relates to individual issues, should ordinarily be postponed until after the common questions have been determined. *Robertson v. National Basketball Association*, 67 F.R.D. 691, 700 (S.D.N.Y.1975).

Defendants claim that limited discovery at this point might simplify the case, particularly the claim under Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(2). Defendants believe the responses will demonstrate that all or nearly all of the initial offering purchasers resold at a profit before the class cut-off date, December 15, 1978. It seems extremely unlikely, however, that the information sought by defendants will moot the Section 12(2) count, or justify decertification of that class. Defendants may be correct in arguing that the Section 12(2) claim creates complexities for the trial of this case. Other remedies remain potentially available, including motions to dismiss or to sever any one or more of the counts.

Finally, defendants' request for information regarding whether class members had read the prospectus has no merit. *See, e. g., Competitive Associates, Inc. v. Laventhol, Krekstein, Horwath & Horwath,* 516 F.2d 811, 814 (2d Cir. 1975).

### 3. *What Costs Must Plaintiff Bear?*

 The parties have several disputes concerning what costs plaintiff should bear in connection with the class notice. *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), requires the class representative to give individual notice to all members "who can be identified through reasonable effort." Defendants claim that notice should be sent to transferees of record through January 31, 1979, to be sure that notice is received by all purchasers who held shares as of December 15, 1978. Plaintiff concedes that delays are inevitable in registering transfers on the Company's books, and does not propose any earlier date for notice than proposed by defendants. Under these circumstances, it is reasonable that the costs of eliminating any duplicate names (on a list of 1,350 transfers) be borne by plaintiff, but the list will be provided by defendants.

Defendants wish to include a pre-franked envelope with the notice in order "to minimize the burden on class members, and to maximize the percentages" that respond by returning either a Statement of Claim or a Request for Exclusion. Memorandum on Class Notice, p. 3. Defendants offer to share the costs of this procedure in the proportion that Requests for Exclusion returned bear to Statements of Claim returned. Defendants also object to plaintiff controlling the responses received from the notice, and they ask that plaintiff pay for an independent accounting firm to collect and report on the responses received, as agent for the court. These steps may be convenient for defendants, but they are unnecessary, and would constitute an unreasonable expense to plaintiff. In particular, the court has been given no reason to lack confidence in plaintiff's counsel's serving as its agent in receiving and collating responses. Defendants may include a pre-franked envelope as indicated, or may arrange for an independent accounting firm to handle the responses, but only if they pay all costs resulting from these requests. Other disputes concerning the content of the notice orders have been resolved as indicated in the orders signed on January 18, 1980.

SO ORDERED.