**In re CRAZY EDDIE SECURITIES LITIGATION.**

**No. 87 C 33.**

United States District Court, E.D. New York.

March 6, 1991.

**40**

Sirota & Sirota (Howard B. Sirota, of counsel), Milberg, Weiss, Bershad, Specthrie & Lerach (David J. Bershad, Michael C. Spencer, of counsel), Stull, Stull & Brody (Jules Brody, Mark Levine, Melissa R. Emert, of counsel), Law Offices of Joseph H. Weiss (Joseph H. Weiss, of counsel), New York City, for plaintiffs.

Abbey & Ellis (Arthur Abbey, Joshua N. Rubin, of counsel), Shearman & Sterling (Joseph T. McLaughlin, of counsel), New York City, for defendant KPMG Main Hurdman.

Davis, Markel & Edwards (Thomas J. Sweeney, III, of counsel), New York City, for defendant KPMG Main Hurdman.

Weil, Gotshal & Manges (Dennis J. Block, of counsel), New York City, for defendants Salomon Brothers, Inc., Bear Stearns & Co., Inc. and Wertheim & Co., Inc.

Wilson Elser Moskowitz Edelman & Dicker (Richard Oelsner, of counsel), New York City, for defendants Penn and Horowitz and J. Liebman & Co.

Kaye, Scholer, Fierman, Hays & Handler (Steven Glassman, of counsel), New York City, for defendant Oppenheimer & Co., Inc.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This action has been the subject of several Memorandum and Orders, familiarity with all of which are assumed. Plaintiffs now move for class certification. Defendants cross-move for leave to send an information statement to class members.

Plaintiffs ask the court to certify, under Rule 23(a) and 23(b)(3), a class of all persons and entities who purchased Crazy Eddie, Inc. ("Crazy Eddie") securities during the period from September 13, 1984, through January 18, 1988. They seek to exclude from the class the defendants, the immediate family members of the individual defendants, any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party.

I

■ Federal Rule of Civil Procedure 23(a) provides that plaintiffs must satisfy four preconditions for class certification, namely:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Admittedly at least thousands of persons purchased Crazy Eddie securities during the class period. The proposed class clearly meets the numerosity requirement. *See Klein v. A.G. Becker Paribas Inc.*, 109 F.R.D. 646, 649 (S.D.N.Y.1986).

Questions of law and fact common to the class exist. They include the following: 1) Did the defendants violate federal securities laws? 2) Were Crazy Eddie securities issued pursuant to defective, false, and misleading Registration statements and prospectuses? 3) Were Crazy Eddie certified financial statements, annual reports and public statements false and misleading? 4) Did class members sustain damages? and 5) If so, do they have a remedy for those damages?

Plaintiffs' claims are typical of those of absent class members. They allege injury resulting from the same course of conduct that injured the absent class members and are based on the same theories of recovery. *See Krome v. Merrill Lynch & Co.*, 637 F.Supp. 910, 921 (S.D.N.Y.1986) (citing

*Green v. Wolf Corporation,* 406 F.2d 291, 299 (2d Cir.1968)).

Defendants claim only that John Pastamatakis is an inadequate class representative. They point to his trouble with the English language and to statements made during his deposition in which he expressed a certain confusion about the facts of the case and his duties to the absent class members. Plaintiffs' counsel in turn direct the court to other statements in the deposition in which Pastamatakis provides an adequate account of the case and of his responsibilities.

A class representative must be "aware of the basic facts underlying the lawsuit" and must not be likely to "abdicate his obligations to fellow class members." *Michaels v. Ambassador Group Inc.,* 110 F.R.D. 84, 91 (E.D.N.Y.1986). The court has read the transcript of Mr. Pastamatakis' deposition and concludes that he meets these requirements and is an adequate class representative.

## II

A proposed class must also meet the requirements of one of the subsections of 23(b). Common questions must predominate and a class action must be shown superior to other alternatives for full and fair adjudication.

The predominant issue in this lawsuit will be whether defendants committed the course of conduct alleged by the plaintiffs—did they or did they not disseminate false and misleading information which affected the price of Crazy Eddie securities? Other issues will be subsidiary.

██ Defendants argue that common questions do not predominate with respect to the plaintiffs' common-law claims of fraud, negligent misrepresentation and professional malpractice. They point to the national membership of the class and say that application of choice of law rules will result in the application of many different state laws to these claims, especially with regard to the necessity of proving reliance. Individual questions, defendants contend, will predominate. Their brief cites a number of cases in which courts refused to certify common-law claims which implicated the laws of multiple states. *See, e.g. Sanders v. Robinson Humphrey/American Express,* 634 F.Supp. 1048 (N.D.Ga. 1986).

Along with other district courts in this circuit, this court declines to decide choice of law issues on a class certification motion and holds that the application of the laws of different states, if necessary, does not preclude class action litigation of this case. *See In Re Lilco Securities Litigation,* 111 F.R.D. 663, 670 (E.D.N.Y.1986); *Seidman v. Stauffer Chemical Corp.,* 1986 W.L. 9803 (D.Ct.1986). Issues relating to defendants' conduct will be common to the class regardless of the law to be applied. Individual issues of plaintiffs' reliance can be adjudicated through the use of subclasses and separate trials if necessary.

██ Defendants also claim that common questions will not predominate if the class includes takeover participants, speculators, insiders, and tippees. These plaintiffs assert claims which raise the same common and predominating issue of defendants' liability. While defendants may have defenses against them lacking against other class members, Rule 23(b)(3) does not require that all issues in a class action be communal. *Ashe v. Board of Elections,* 124 F.R.D. 45, 47 (E.D.N.Y.1989).

The proposed class also includes the plaintiffs in a separate action against defendants in this court, *Oppenheimer–Palmieri Fund, L.P., v. Peat Marwick Main & Co.* Defendants seek to exclude the plaintiffs in that action on the ground that they have indicated that they will opt-out of this action. The court sees no reason to exercise the opt-out election for them. If they wish to opt-out they will notify the court.

The court concludes that plaintiffs have met their burden of showing that common issues predominate and finds that due to the likelihood of an extremely large number of fairly small claims, a class action is the superior method of adjudicating this controversy.

Defendants made a number of arguments which addressed the merits of plaintiffs' claims. It is clear that Rule 23 does not permit the court to undertake a preliminary inquiry into the merits of the lawsuit. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 114 F.R.D. 48, 51 (S.D.N.Y. 1987). The court certifies the class proposed by plaintiffs.

### III

 Defendants seek to send an information statement to putative class members. The statement would elicit detailed information concerning the member's purchase or sale of Crazy Eddie securities. Defendants propose to make return of the statement mandatory—failure to return it without good cause would result in the court barring a class member from collecting damages.

Defendants argue that use of the information statement would serve two purposes. First, putative class members who fell into the categories defendants sought to exclude from the class could be identified. The court has obviated that rationale by declining to exclude any of these categories of class members. Second, the parties could use the responses to estimate potential damages.

An important principle underlying Rule 23 is that class members should not be required to request inclusion into a class action. Many will fail to do so for reasons of "ignorance, timidity, [and] unfamiliarity with business or legal matters." Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure I,* 81 Harv.L.Rev. 356, 397–98 (1967); *See* 7B Wright & Miller, *Federal Practice and Procedure* § 1787 at 215 (1986). Defendants say that use of the statement will not transform the class into an opt-in class action. But the practical result will be the same. A putative class member who fails to take the affirmative step of responding to the statement will not participate in an award.

Circumstances may require a court to depart from the spirit of the Federal Rules and impose what amounts to an opt-in requirement. Those special circumstances are not present in this case.

Plaintiffs motion is granted. Defendants motion is denied.

So ordered.