

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| BRAD FRANK, ET AL., | ) | No. ED107426 |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | Jefferson County |
| vs. | ) | Cause No. 15JE-CC00416 |
| | ) | |
| ENVIRO-TECH SERVICES, | ) | Honorable Dianna L. Bartels |
| | ) | |
| Respondent. | ) | Filed: June 18, 2019 |

## OPINION

Brad Frank, Patrick Rigney, Matthew Ross, and Daniel Bishop (collectively, "Class Representatives") appeal the trial court's denial of their amended motion for class certification in their action against Enviro-Tech Services ("Enviro-Tech") involving claims that Enviro-Tech failed to properly pay its employees (such as Class Representatives) overtime compensation as required by § 290.505.[1] Class Representatives raise two points on appeal. In their first point, Class Representatives argue that the trial court erred in denying their amended motion to certify their proposed class for their class action claims against Enviro-Tech because the trial court incorrectly determined that Class Representatives did not meet the numerosity requirement of Rule 52.08(a).[2] Specifically, Class Representatives argue that the trial court erroneously

---

[1] All references are to Mo. Rev. Stat. Cum. Supp. 2015.
[2] All references are to Missouri Supreme Court Rules (2015), unless otherwise noted.

1

evaluated the numerosity element based upon the number of affidavits produced by Class

Representatives instead of the number of potential class members. And in their second point,

Class Representatives argue that the trial court erred in denying their amended motion for class

certification because they presented evidence demonstrating that the proposed class satisfied all

of the elements required for a class to be certified under Rule 52.08(a). We find that the trial

court erred in denying Class Representatives' amended motion for class certification based upon

a lack of numerosity. We therefore reverse the judgment of the trial court in regards to its finding

that Class Representatives did not fulfill the numerosity requirement, and remand with

instructions for the trial court to find that Class Representatives satisfied the numerosity

requirement, to make findings and conclusions on the remaining three requirements of Rule

52.08(a), and for further proceedings not inconsistent with this opinion.

## I.      Factual and Procedural Background

On May 29, 2015, Class Representatives filed their petition asserting a class action claim

against Enviro-Tech, alleging that Enviro-Tech violated § 290.505 by failing to pay its

employees (the putative class) overtime compensation.[3] Class Representatives also individually

filed affidavits supporting the facts alleged in their petition. The trial court thereafter ordered

Enviro-Tech to produce documentation of the job locations and recorded work hours for its

employees. After Enviro-Tech produced these documents, Class Representatives filed their

amended motion for class certification, arguing that their proposed class (which consisted of 82

former and current Enviro-Tech employees) should be certified because it met the requirements

---

[3] Matthew Ross was not named as a plaintiff in Class Representatives' petition, but was later added as a named plaintiff. Additionally, two parties who were named as plaintiffs in the petition were later dismissed by the trial court for failure to comply with discovery requests and failure to prosecute; the two parties who were dismissed did not appeal their dismissal and are not parties to this appeal. The four named Class Representatives were the remaining named plaintiffs at the time the trial court denied their motion for class certification and are the appellants on appeal.

2

for a class as set forth by Rule 52.08(a). In their amended motion for class certification and memorandum in support of their amended motion, Class Representatives argued that certification of their proposed class was appropriate because (1) the class was so numerous that joinder of all its members was impracticable; (2) there were questions of law and fact common to the class (specifically, whether Enviro-Tech violated § 290.505 by failing to pay its employees overtime compensation); (3) the claims of Class Representatives were typical of the claims of the class; and (4) Class Representatives would fairly and adequately protect the interests of the class. Specifically, in regards to the numerosity requirement of Rule 52.08(a), Class Representatives argued that "[Enviro-Tech] has employed approximately 82 individuals who could be class members," and that "[b]ased upon these facts, there is no doubt that numerosity is present in this suit…."

On December 7, 2018, the trial court entered its order denying Class Representatives' amended motion for class certification on the grounds that Class Representatives did not meet the numerosity requirement of Rule 52.08(a). The trial court reasoned that "Of the 80 employees, [Class Representatives] ha[ve] provided two additional affidavits of former employees. This makes the potential pool of employees to join the lawsuit five. The definition of numerosity is; multitudinoisness.-. [sic] a very large number. The court finds that five does not meet the numerosity requirement." On December 17, 2018, Class Representatives filed their petition for leave to appeal the trial court's denial of their class action certification motion with this Court, pursuant to Rule 84.035. Our Court entered our order granting Class Representatives' petition for leave to appeal the trial court's denial of their amended motion for class certification on January 17, 2019.

This appeal follows.

3

## II.     Standard of Review

"The determination of class certification under Rule 52.08 lies within the trial court's sound discretion." *Doyle v. Fluor Corp.,* 199 S.W.3d 784, 787 (Mo. App. E.D. 2006). We therefore review the grant or denial of a motion for class certification for abuse of discretion. *Meyer ex rel. Coplin v. Fluor Corp.,* 220 S.W.3d 712, 715 (Mo. banc 2007). "We will find an abuse of discretion only if the trial court's ruling is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration." *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577, 580 (Mo. App. E.D. 2010).

## III.     Discussion

In their first point on appeal, Class Representatives argue that the trial court erred in denying their motion for class certification based upon its finding that the numerosity requirement of Rule 52.08(a) was not met. Finding that the trial court abused its discretion in denying Class Representatives' amended motion for class certification based upon its erroneous finding that the numerosity element was not satisfied, we grant Class Representatives' Point I.

In determining whether to certify a proposed class, "a court should err in favor of, and not against, allowing maintenance of the class action" because "class certification is subject to later modification." *Hale v. Wal-Mart Stores, Inc.,* 231 S.W.3d 215, 222 (Mo. App. W.D. 2007) (further noting that "Rule 52.08(c)(1) provides for de-certification of a class before a decision on the merits"); *see also Karen S. Little, L.L.C.,* 306 S.W.3d at 580. Rule 52.08(a) establishes that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

4

The first element of Rule 52.08(a), known as "numerosity," requires that plaintiffs show that "[j]oinder of all members [of a putative class] is 'impracticable' for purposes of the rule when it would be inefficient, costly, time-consuming and probably confusing." *Dale v. DaimlerChrysler Corp.,* 204 S.W.3d 151, 167 (Mo. App. W.D. 2006). "A plaintiff does not have to specify an exact number of class members to satisfy the numerosity prerequisite for class certification, but must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class members." *Elsea v. U.S. Eng'g Co.,* 463 S.W.3d 409, 418 (Mo. App. W.D. 2015) (quoting *Dale,* 204 S.W.3d at 167).

In this case, the trial court denied Class Representatives' amended motion for class certification based solely upon its finding that they had failed to meet the numerosity requirement of Rule 52.08(a). The trial court specifically reasoned that "Of the 80 employees, [Class Representatives] ha[ve] provided two additional affidavits of former employees. This makes the potential pool of employees to join the lawsuit five. The definition of numerosity is; multitudinoisness.-. [sic] a very large number. The court finds that five does not meet the numerosity requirement." We find that the trial court's stated rationale for denying Class Representatives' amended motion for class certification is erroneous.

Trial courts may determine whether class action plaintiffs fulfill the numerosity requirement by examining the briefs submitted by the parties, affidavits, and other evidence. *Dale,* 204 S.W.3d at 167 (citing *State ex rel. Byrd v. Chadwick,* 956 S.W.2d 369, 380 (Mo. App. W.D. 1997)). Additionally, "[t]o support a finding of the numerosity prerequisite of Rule 52.08(a)(1), the trial court can accept 'common sense assumptions.'" *Elsea,* 463 S.W.3d at 418. Here, in addition to the affidavits submitted by Class Representatives (the named plaintiffs in this action), documentation was produced by Enviro-Tech showing that there is a putative class

5

of 82 former and current employees who were potentially not paid overtime compensation, as Class Representatives argued in their petition. "Although putative class size alone is not necessarily determinative, it is an important consideration in satisfying the numerosity requirement." *Doyle,* 199 S.W.3d at 792. However, despite this evidence showing that there were potentially 82 members of the class proposed by Class Representatives, the trial court found that Class Representatives had not met the numerosity requirement because they had only produced five affidavits attesting that those putative class members had (a) worked for Enviro-Tech, and (b) not been compensated for overtime work.

The trial court is mistaken that class representatives in class action cases are required to provide evidence demonstrating that most or all individual putative class members wish to be party to the suit in order for the class to be certified; indeed, the trial court's statement that individual class members must "join the lawsuit" by filing affidavits is contradictory of Rule 52.08(a)'s numerosity language ("the class is so numerous *that joinder of all members is impracticable*") (emphasis added). As indicated by the language of Rule 52.08(a), requiring each individual class member to file an affidavit (to "join" the suit) in order for a class to be certified would be impracticable—especially in those cases where a potential class has hundreds or thousands of members. "[T]he fact that a class may initially include persons who do not have claims or who do not wish to assert claims against [a defendant] is not important at this stage of the litigation, unless it can be shown that most, if not all of the potential class members have no claims to be asserted by the class representatives." *Doyle,* 199 S.W.3d at 792. Enviro-Tech has made no showing here that the potential class members of the class proposed by Class Representatives have no claims to be asserted by Class Representatives.

Further, federal class action caselaw (which Missouri courts consider informative in interpreting and applying Rule 52.08)[4] emphasizes that whether the numerosity requirement is met is largely determined by "the *potential* number of plaintiffs" (emphasis added). *In re Modafinil Antitrust Litig.,* 837 F.3d 238, 249–50 (3d Cir. 2016) (stating that "[w]hile no minimum number of plaintiffs is required to maintain a suit as a class action, our Court has said that generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40," the numerosity requirement has been met); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.,* 722 F.3d 838, 852 (6th Cir. 2013). "[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Ibe v. Jones,* 836 F.3d 516, 528 (5th Cir. 2016). To make a determination on the numerosity requirement, "a court must be presented with evidence that would enable the court to do so without resorting to mere speculation." *Mielo v. Steak 'n Shake Operations, Inc.,* 897 F.3d 467, 484 (3d Cir. 2018). In this case, the affidavits submitted by Class Representatives combined with the documentation produced by Enviro-Tech revealed that there were 82 former and current Enviro-Tech employees (whose identities and locations were easily ascertainable) who would be potential plaintiffs in Class Representatives' proposed class action suit. Such evidence is sufficient to fulfill the numerosity requirement of Rule 52.08(a) because it showed that there were 82 former and current employees of Enviro-Tech who might be entitled to overtime compensation pursuant to § 290.505, as asserted by Class Representatives in their petition. *See Elsea,* 463 S.W.3d at 418; *Dale,* 204 S.W.3d at 167; *Mielo,* 897 F.3d at 484–86.

---

[4] "Because Rule 52.08 is identical to Fed.R.Civ.P. 23, we may consider federal interpretations of Rule 23 in applying Rule 52.08." *Doyle,* 199 S.W.3d at 788; *see also Ressler v. Clay Cnty.,* 375 S.W.3d 132, 136 (Mo. App. W.D. 2012); *State ex rel. Union Planters Bank, N.A. v. Kendrick,* 142 S.W.3d 729, 735 n. 5 (Mo. banc 2004).

Moreover, by requiring all or most of the members of the putative class to file an affidavit in order to fulfill the numerosity element, the trial court is essentially requiring said class members to "opt in" to the class action filed by Class Representatives.[5] Rule 52.08(c) specifically provides potential plaintiffs the option to be excluded from or "opt out" of the class action, and does not require potential plaintiffs to opt in, as the trial court suggests. The rationale for allowing potential plaintiffs to opt out of class action suits instead of requiring that they opt in is that "[r]equiring the individuals affirmatively to request inclusion in the lawsuit would result in freezing out the claims of people—especially small claims held by small people—who for one reason or another, ignorance, timidity, unfamiliarity with business or legal matters, will simply not take the affirmative step." *Hale,* 231 S.W.3d at 231 (quoting *Kern v. Siemens Corp.,* 393 F.3d 120, 124 (2d Cir. 2004)).[6] By implicitly demanding that Class Representatives produce affidavits for most or all of their proposed class, the trial court is requiring that potential plaintiffs take an affirmative step to join the lawsuit—something that is not required of class action plaintiffs under Rule 52.08. *See id.*

We find that the trial court abused its discretion in denying Class Representatives' amended motion for class certification based upon its rationale that Class Representatives did not meet the numerosity requirement because they only produced five affidavits from members of their proposed class. We therefore grant Class Representatives' Point I. Because the trial court concluded that Class Representatives did not fulfill the numerosity requirement of Rule 52.08(a), and therefore did not proceed to make findings and conclusions on the remaining three

---

[5] We analogize the trial court's decision in this case to requiring class action putative class members to "opt in" to class action lawsuits because the trial court specifically noted that "This makes the potential pool of employees to *join* the lawsuit five" (emphasis added).
[6] We note that, while both *Hale* and *Kern* addressed "opt-in" requirements in regards to the maintainability of class action suits during the liability stage of litigation, the rationale provided in those cases equally applies to the numerosity context of the case before us.

requirements of Rule 52.08(a), remand is necessary for the trial court to evaluate the remaining three requirements. For that reason, we do not address Class Representatives' Point II.

## IV.  Conclusion

We find that the trial court erred in denying Class Representatives' amended motion for class certification based upon its incorrect finding that Class Representatives did not meet the numerosity requirement of Rule 52.08(a). We therefore reverse the judgment of the trial court in regards to its finding that Class Representatives did not fulfill the numerosity requirement, and remand with instructions for the trial court to find that Class Representatives satisfied the numerosity requirement, to make findings and conclusions on the remaining three requirements of Rule 52.08(a), and for further proceedings not inconsistent with this opinion.

_____
Colleen Dolan, Judge

Kurt S. Odenwald, P.J., concur.
Gary M. Gaertner, Jr., J., concur.

9