

# Missouri Court of Appeals

## Southern District

### Division One

JENNIFER TOWNSEND, )
Individually and on Behalf of Herself and )
Others Similarly Situated, )
           )
       Plaintiff-Appellant, )
           )
vs. )      No. SD36671
           )
REGIS CORPORATION and )      FILED: October 13, 2020
DARLEEN MATRANGA, )
           )
       Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Circuit Judge

## REVERSED AND REMANDED WITH DIRECTIONS

(*Before Rahmeyer, P.J., Scott, J., and Francis, J.*)

PER CURIAM. Appellant ("Plaintiff") seeks our review of an interlocutory order denying Rule 52.08 class-action certification.[1] Because we cannot do so on the record before us, we reverse and remand for further proceedings consistent herewith. The circumstances allow us to be brief, both legally and factually.

### Rule 52.08

Rule 52.08(a) lists four prerequisites to class-action certification:

> (1) the class is so numerous that joinder of all members is impracticable ["numerosity"], (2) there are questions of law or

---

[1] Rule references are to Missouri Court Rules (2020).

fact common to the class ["commonality"], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"], and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy"].

Once those four prerequisites are met, "the class action can be maintained only if the class satisfies one of the three requirements of Rule 52.08(b)." ***Meyer ex rel. Coplin v. Fluor Corp.***, 220 S.W.3d 712, 715 (Mo. banc 2007). As in ***Coplin***, Plaintiff here sought Rule 52.08(b)(3) certification, which requires the court to find the questions of law or fact common to the class "'predominate over any questions affecting only individual members' ["predominance"] and that a class action is superior to other available methods for the fair and efficient adjudication of the matter ["superiority"]." ***Coplin***, 220 S.W.3d at 715.

## Facts

Plaintiff's petition included two class-action claims against Regis:

1. A statutory claim for "required minimum wage and overtime compensation for all hours actually worked by Plaintiff and the putative class," described as "stylists employed at Smart-Style [sic] Hair Salons throughout the State of Missouri in the last three years."

2. A common-law "unjust enrichment/quantum meruit" claim "on behalf of stylists employed at SmartStyle Hair Salons throughout the State of Missouri in the last five years."

Plaintiff moved to certify these two claims as class actions, with her petition, certification motion, and supporting suggestions purporting to establish Rule 52.08(a) & (b)(3)'s requirements. Following briefing and a conference-call hearing, the trial court denied certification by docket entry stating in its entirety: "Having considered the pleadings, arguments of counsel heard on April 23, 2020, and legal citations of the parties, this Court denies Plaintiff's Motion for Class Certification. Clerk to notify the parties; So Ordered."

We granted Plaintiff's request to appeal. *See* Rules 52.08(f) & 84.035.

## Analysis

Because no one requested findings or conclusions under Rule 73.01(c), we assume *arguendo* that no rule, statute, or case law required the trial court to say

2

why it ruled as it did.  *See* **Dale v. DaimlerChrysler Corp**, 204 S.W.3d 151, 163 (Mo.App. 2006), which so states.

Yet **Dale** further deduced that "to insure meaningful appellate review of the certification," federal cases evinced a "rule" that absent relevant findings and conclusions, "the cause will be remanded for such findings and conclusions, unless it is apparent from the record the basis on which class certification was granted." *Id*.  Deeming it "well settled that federal interpretations of Rule 23 are relevant in interpreting Rule 52.08" (*id*. at 161), **Dale** followed suit, finding its record good enough to review the trial court's class-certification ruling without findings and conclusions.  *Id*. at 163.[2]

By contrast, we lack findings or conclusions and *cannot* glean from the record why the court denied certification, so **Dale** counsels us to remand for the trial court to adequately explain its ruling.[3]  Thus we reverse, remand, and direct the trial court to make relevant findings and conclusions or otherwise explain sufficiently for meaningful appellate review its decisions whether or not to certify Plaintiff's class-action claims under Rule 52.08.

---

[2] For this reason, **Dale**'s quoted statement about remanding for "findings and conclusions" seems dicta and somewhat at odds with its reasoned conclusion that no "rule, statute, or case law" demands such absent a Rule 73.01(c) request.  *Id*.  Thus, although findings and conclusions may be preferable for appellate-review purposes, it may be more precise to speak in terms of remanding for the trial court to provide support or reasoning for its decision sufficient for meaningful appellate review.  *See id*. (describing findings and conclusions as purposed "to insure meaningful appellate review of the certification").

[3] Unless it makes a difference that certification was granted in **Dale** but denied here.  Yet the only difference we perceive strengthens this situation's case for remand.  Not only is this record inadequate for appellate review, but the parties on appeal spend page after page arguing proof pro and con on each class-certification requirement now in play – numerosity, commonality, typicality, adequacy, predominance, superiority – threatening to thrust this court into a fact-finder role not properly ours.  Such findings "should be decided in the first instance by the circuit court, and not by this Court on appeal."  **Coplin**, 220 S.W.3d at 720.



# Missouri Court of Appeals

## Southern District

### Division One

JENNIFER TOWNSEND, )
Individually and on Behalf of Herself and )
Others Similarly Situated, )
)
     Plaintiff-Appellant, )
)
vs. )     No. SD36671
)
REGIS CORPORATION and )     **Filed:  October 13, 2020**
DARLEEN MATRANGA, )
)
     Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Jeffrey M. Merrell, Circuit Judge

**CONCURRING OPINION**

I concur in the opinion of the majority, but write separately to provide more context and guidance to the attorneys and trial court.  The principal opinion relies on ***Dale v. DaimlerChrysler Corp***, 204 S.W.3d 151 (Mo.App. W.D. 2006); however, ***Dale*** was superseded by our Supreme Court's decision in ***Meyer ex rel. Coplin v. Fluor Corp.***, 220 S.W.3d 712 (Mo. banc 2007).  In ***Meyer***, the trial court denied class action certification, and made findings on some of the requirements for class action certification but did not make a finding as to "typicality."  ***Id.*** at 714 & n.2.  The Supreme Court

1

reversed as to some of the requirements on which the trial court had made findings, and remanded stating "[a]ny finding of typicality or the lack thereof should be decided in the first instance by the circuit court, and not by this Court on appeal." *Id.* at 719-20. The Supreme Court's approach subsequently was utilized by the Eastern District in *Frank v. Enviro-Tech Services*, 577 S.W.3d 163 (Mo.App. E.D. 2019). In *Frank*, the trial court again denied class action certification based on its findings and conclusions as to one of the requirements of class action certification, but did not "make findings and conclusions on the remaining three requirements of Rule 52.08(a)." *Id.* at 165. The Eastern District reversed as to the requirement on which the trial court had based its denial of class action certification, and remanded stating "remand is necessary for the trial court to evaluate the remaining three requirements." *Id.* at 169. Findings and conclusions on whether a claim may be maintained as a class action under Rule 52.08(a) and (b) should be decided in the first instance by the trial court and not by an appellate court on appeal.[1]

I believe Rules 73.01(c) (procedure for requesting "an opinion or findings of fact," and indicating all facts not found are considered to have been found in accordance with the result reached) and 78.07(c) (motion to amend necessary to preserve objection to form or language of judgment) do not apply to an interlocutory order denying or granting class action certification. Our Supreme Court in *Meyer* and the Eastern District in *Frank* did not apply or reference either rule even though the interlocutory orders at issue in each were entered after the modern versions of these rules were adopted (the order on appeal

---

[1] Of course, a trial court need only *correctly* find and conclude that one of the requirements for class action certification is lacking for its order denying class certification to be affirmed on appeal in view of the fact that the party seeking class action certification has the burden to establish all the requirements for class action certification in order to be entitled to maintain the party's claim as a class action. Rule 52.08(a) and (b).

in *Meyer* was entered in June 2005 – *see* unpublished order at 2005 WL 5988970).  In addition, Rules 73.01 and 78.07 appear to be directed to judgments entered following trials not interlocutory orders that do not fully resolve any claim in the lawsuit as to all parties.  Finally, in *Meadowfresh Solutions USA, LLC v. Maple Grove Farms, LLC*, 578 S.W.3d 758, 760-62 (Mo. banc 2019), the Supreme Court made clear that, although Rule 74.01(a) states "'[j]udgment' as used in these rules includes . . . any order from which an appeal lies," an appealable interlocutory order that does not "fully resolve[] at least one claim in a lawsuit and establish[] all the rights and liabilities of the parties with respect to that claim" is not a judgment and does not have to be denominated a judgment to be appealed.  The outcome in *Meadowfresh* perhaps was foreshadowed in *Elsea v. U.S. Engineering Company*, 463 S.W.3d 409, 413-14 (Mo.App. W.D. 2015), in the context of a trial court's denial of class action certification where the Western District rejected the defendants' contention that it was "to 'take the evidence and the reasonable inferences therefrom in the light most favorable to the judgment,'" and declared that a class action certification proceeding "is a 'hearing,' and the resulting decision is an 'order,' which is subject to interlocutory appellate review" and the fact Rule 74.01(a) includes an appealable order in the definition of judgment "does not control our standard of review."[2]

Finally, of note, the parties are in sharp disagreement over the rules applicable to class action certification proceedings.  Townsend relies exclusively on the allegations in her petition to establish the requirements for class action certification under Rule 52.08(a)

---

[2] *But cf*. *Craft v. Philip Morris Companies, Inc.*, 190 S.W.3d 368, 386 (Mo.App. E.D. 2005), and *Dale v. DaimlerChrysler Corporation*, 204 S.W.3d 151, 161-63 (Mo.App. W.D. 2006) (each discussing Rule 73.01(c) in the context of reviewing a trial court's grant of class action certification).

and (b)(3), and argues that those allegations should be accepted as true for this purpose and, when accepted as true, are sufficient to establish all the requirements for certification that her two class action claims may be maintained as a class action. Regis argues that Townsend's allegations in her petition are not sufficient to support class action certification, that Townsend's allegations in her petition are not entitled to be accepted as true for this purpose, and that evidence beyond the allegations in Townsend's petition is necessary to support class action certification.[3] I believe this sharp disagreement between the parties likely will continue and impact the trial court's decision on remand. To assist the trial court and the parties on remand, I offer the following observations.[4]

> "The determination of class certification under Rule 52.08 lies within the trial court's sound discretion." *Doyle v. Fluor Corp.*, 199 S.W.3d 784, 787 (Mo. App. E.D. 2006).
>
> . . . .
>
> In determining whether to certify a proposed class, "a court should err in favor of, and not against, allowing maintenance of the class action" because "class certification is subject to later modification." *Hale v. Wal-Mart Stores, Inc.*, 231 S.W.3d 215, 222 (Mo. App. W.D. 2007) (further noting that "Rule 52.08(c)(1) provides for de-certification of a class before a decision on the merits"); *see also Karen S. Little, L.L.C. [v. Drury Inns, Inc.]*, 306 S.W.3d [577,] 580 [(Mo. App. E. D. 2010)].

*Frank v. Enviro-Tech Services*, 577 S.W.3d at 166-67. In addition:

---

[3] The parties devote almost no discussion to the issue on which we base our decision to reverse and remand.

[4] *See* **Henderson v. Henderson**, 389 S.W.3d 260, 266 (Mo.App. E.D. 2012) ("This Court's reversal based on the issue of dischargeability of the Line of Credit should resolve some of the collateral issues with the judgment. We briefly address the issue of contempt, however, to assist the trial court upon remand for reconsideration of the issues of contempt and attorney's fees in light of this Court's rulings."); **Reinbott v. Tidwell**, 191 S.W.3d 102, 110-11 (Mo.App. S.D. 2006) ("Given our holding, the resolution of this issue requires additional factual determinations by the trial court which were not contemplated by the trial court in view of its erroneous determination to authorize the Reinbotts' maintenance of the River Bride on the parts of the Tidwell Property lying outside of the Easement. We offer the following observations for the purpose of assisting the trial court upon remand.").

"A class certification hearing is a procedural matter in which the sole issue is whether plaintiff has met the requirements for a class action." *Meyer*, 220 S.W.3d at 715. "Thus, the trial court has no authority to conduct a preliminary inquiry into whether the plaintiff has stated a cause of action or will prevail on the merits." *Id*.

. . . .

Rule 52.08 governs the procedure for certifying a class action. The party seeking class certification bears the burden of proof. *Hope [v. Nissan N. Am., Inc.]*, 353 S.W.3d [68,] 74 [(Mo.App. W.D. 2011)]. "This burden is satisfied if there is evidence in the record, which if taken as true, would satisfy each and every requirement of the rule." *Id*. (internal quotation omitted). "'In [a] class certification determination, the named plaintiffs' allegations are accepted as true.'" *Id*. (quoting *Hale*, 231 S.W.3d at 227) (noting that arguments which tend to negate allegations from the petition should be ignored because such allegations are taken as true for purposes of a class certification motion). "Therefore, the determination of class certification is based primarily upon the allegations in the petition." *Id*.

**Elsea v. U.S. Engineering Company**, 463 S.W.3d at 416, 417.

However:

"[a]lthough the class certification decision is independent of the ultimate merits of the lawsuit, the applicable substantive law is relevant to a meaningful determination of the certification issues." *Green v. Fred Weber, Inc.*, 254 S.W.3d 874, 880 (Mo. banc 2008); *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466, 133 S.Ct. 1184, 185 L.Ed.2d 308 (2013) ("Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.").

**State ex rel. General Credit Acceptance Company, LLC v. Vincent**, 570 S.W.3d 42, 47 (Mo. banc 2019). Further, "general conclusory allegations" and "speculation" are not sufficient to establish the requirements for a class action under Rule 52.08(a) and (b).[5]

*See* **Dale v. DaimlerChrysler Corp**, 204 S.W.3d at 167 ("general conclusory allegations"

---

[5] In addition to the express requirements of Rule 52.08(a) and (b), "Rule 52.08 presupposes a properly defined class that is ascertainable and not overbroad. . . . A class definition encompassing more than a relatively small number of uninjured putative members is overly broad and improper." **State ex rel. General Credit Acceptance Company, LLC v. Vincent**, 570 S.W.3d at 47 (internal citations and quotation marks omitted).

5

in an amended motion for class action certification "not . . . sufficient to satisfy the numerosity prerequisite of Rule 52.08(a)(1)"); *Frank v. Enviro-Tech Services*, 577 S.W.3d at 168 ("'[A] plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members.' *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016). To make a determination on the numerosity requirement, 'a court must be presented with evidence that would enable the court to do so without resorting to mere speculation.' *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 484 (3d Cir. 2018).").

Although, "[a]s a general rule, an evidentiary hearing is not required to determine if a class action is maintainable," *Dale v. DaimlerChrysler Corp*, 204 S.W.3d at 167, "[w]hen it is unclear from the petition whether class certification may be granted, the trial court is to allow pre-class certification discovery so that the plaintiff may be afforded the opportunity to prove the class certification prerequisites." *State ex rel. Coffman Group, L.L.C. v. Sweeney*, 219 S.W.3d 763, 767 (Mo.App. S.D. 2005).

Nancy Steffen Rahmeyer, P.J. – Concurring Opinion Author